Hutts *et al. v.* Martin.

Filed June 13, 1893.

---

◆

---

No. 16,148.

Hutts et al. *v.* Martin.

PARTITION.—*Costs and Expenses of Proceeding.—Attorney's Fees not Part of.—Jurisdiction.—Void Judgment.—Title.*—In an action for partition of land, attorney's fees are matters of contract to be paid by the party or parties who employ the counsel, and do not constitute a part of the costs or necessary expenses of the suit, so as to be subject to the disposition or order of the court; and where, in such proceeding, the court ascertained the attorney's fees for defending such proceeding, and decreed such fees a lien upon the lands set apart to the defendants, and that it be a part of the expenses of the proceeding, and be taxed against said defendants, such fees not being a matter about which a controversy could arise between the parties to the suit, the court had no jurisdiction over it, and any attempted jurisdiction of it in that action was void. And a sale of such lands under the void decree was without authority and conferred no title thereto.

JURISDICTION.—*Matters not Within the Issues.—When May be Adjudicated.*—Courts have no power to adjudicate matters not involved in the issues in the case before them, except where the parties by agreement in open court permit matters to be adjudicated which are not involved in the issues in the cause.

From the Montgomery Circuit Court.

*L. J. Coppage* and *M. D. White,* for appellants.

*G. W. Paul, J. B. Martin, H. H. Dochterman* and *D. W. Simms,* for appellee.

COFFEY, C. J.—This action was commenced by the appellee against the appellants, in the Fountain Circuit Court, to recover the possession of the land described in the complaint, and to quiet title thereto. The venue was changed from the Fountain to the Montgomery Circuit Court, where the cause was tried by the court, resulting in a finding and judgment in favor of the appellee. It is claimed by the appellants, in this court, that the circuit court erred—

*First.* In its conclusions of law upon the special facts found.

*Second.* In overruling the motion of the appellants for a new trial.

The evidence is all in the record, and the material facts in the case, as they appear from such evidence, are as follows:

On the 31st day of July, 1885, Alphonso Lemp, as the administrator of the estate of Joseph Ristine, deceased, commenced an action in the Fountain Circuit Court against the appellants in this case for the partition of certain described land in Fountain county. It was alleged in the complaint that the plaintiff was the owner in fee of the undivided one-third of the land, and that the appellants here were the owners of the other undivided two-thirds. The appellants appeared by their attorneys, John B. Martin, who is the appellee here, and by Paul and Humphreys, and the cause went to trial upon the issues formed by the general denial to the complaint. The court made the following entry in the cause: "And the court, upon the agreement of the said party plaintiff and parties defendants, in open court made in said cause, finds that said plaintiff, Alphonso Lemp, administrator of the estate of Joseph Ristine deceased, for the benefit of his estate, and the defendants, Henry P. Hutts, Milton T. Hutts, Francis M. Hutts, Eliza Whitaker, Amanda

Keller, and Joseph Hutts, are the owners in fee and tenants in common of the following described real estate in Fountain County, Indiana, described in the plaintiff's complaint, to wit: The southwest quarter of the northeast quarter, and twenty (20) acres of even width off the east side of the southeast quarter of the northwest quarter, and fifteen (15) acres of even width off the east side of the northeast quarter of the northwest quarter, and twenty-five (25) acres of even width off the west side of the northeast quarter of the northwest quarter, all in section twelve (12), township eighteen (18), range seven (7) west. That by agreement of said parties, plaintiff and defendants, partition should be had of said land. And the court further finds, by agreement of said parties, in open court made, that the said plaintiff, administrator as aforesaid, is the owner of and entitled to the possession of the said southwest quarter of the northeast quarter of section twelve (12), township eighteen (18), range seven (7) west, in Fountain county, Indiana; that the defendants, Henry P. Hutts, Milton T. Hutts, Joseph Hutts, Francis M. Hutts, Eliza Whitaker, and Amanda Keller, are each the owner of the undivided one-sixth, in value, of said twenty (20) acres of even width off the east side of the southeast quarter of the northwest quarter; and said fifteen (15) acres of even. width off the east side of the northeast quarter of the northwest quarter; and said twenty-five (25) acres of even width off the west side of the northeast quarter of the northwest quarter, all in section twelve (12), township eighteen (18), range seven (7) west, in Fountain county, Indiana, subject to the maintenance of the said Mark O. Hutts, during his natural life.   *   *   *
And the court further finds that said attorneys George W. Paul, John E. Humphreys, and John B. Martin, are entitled to a fee, as attorneys in said cause, in the sum

of seven hundred and fifty dollars, and that the same is a
lien upon the interest of the defendants, Mark O. Hutts,
Henry P. Hutts, Milton T. Hutts, Joseph Hutts, Francis
M. Hutts, Eliza Whitaker and Amanda Keller, in and
to said lands, and that said defendants should pay the
costs in this cause.  *  *  *  It is further ordered, ad-
judged and decreed that said George W. Paul, John
E. Humphreys, and John B. Martin have a lien upon the
lands set off to all of said defendants and the interest of
Mark O. Hutts, in the sum of seven hundred and fifty
dollars for attorneys' fees herein, and if paid in one
year, to be five hundred dollars; and the same to be
taxed against said defendants, Mark O. Hutts, Henry
P. Hutts, Milton T. Hutts, Joseph Hutts, Francis M.
Hutts, Eliza Whitaker, and Amanda Keller, as costs and
expenses in this cause, and that said defendants pay all
the costs in this cause."  *  *  *  "It is further
ordered, adjudged, and decreed that Nebeker and Dotch-
terman be allowed the sum of one hundred and fifty dol-
lars for their services as attorneys making this partition;
and that T. F. Davidson be allowed one hundred dollars
for his services as attorney in making such partition,
and that said sums of money so allowed be and the same
are allowed against the plaintiff and the land set off to
the plaintiff, and it is declared a lien thereon."

On the 25th day of January, 1887, the above-named
attorneys, George W. Paul, John E. Humphreys and
John B. Martin, caused the clerk of the Fountain Cir-
cuit Court to issue a certified copy of this decree, to
which was attached the following mandate, namely:

"THE STATE OF INDIANA, FOUNTAIN COUNTY, ss.:
"*The State of Indiana, to the Sheriff of Fountain County,
    Greeting:*

"We command you that you expose to sale, at the door
of the courthouse, in the town of Covington, after giv-

Hutts *et al. v.* Martin.

ing such notice of the time and place of such sale as is required by law in the sale of lands under execution, all the right, title and interest of Mark O. Hutts, Henry P. Hutts, Milton T. Hutts, Joseph Hutts, Francis M. Hutts, Eliza Whitaker, and Amanda Keller to the following described real estate, to wit: (20) twenty acres of even width off the east side of the southeast quarter of the northwest quarter; and (15) fifteen acres of even width off the east side the northeast quarter of the northwest quarter; and twenty-five (25) acres of even width off the west side of the northeast quarter of the northwest quarter, all in section twelve (12), township eighteen (18), range seven (7) west, in Fountain county, Indiana, to satisfy George W. Paul, John E. Humphries, and John B. Martin, the sum of eight hundred dollars, as also the further sum of sixty-two (62) dollars and forty (40) cents for costs and charges, which said several sums were adjudged by the Fountain Circuit Court, on the 14th day of December, A. D. 1885, to be due and owing from said defendants, the said eight hundred dollars to the said Paul, Humphreys, and Martin, and the said sixty-two dollars and forty cents as costs in this cause, and return this writ with your proceedings thereon, within one hundred and eighty days.

"Witness the clerk and the seal of said court this 29th day of January, A. D. 1887.

[L. S.] "HENRY LA TOURETTE, *Clerk.*

"By JASON E. BAKER, *Deputy.*"

Pursuant to the commands of this writ, the sheriff sold all the land set off to the appellants, except the twenty-acre tract, appraised at four hundred dollars, and the same was purchased by Paul, Humphreys, and Martin for the sum of eight hundred and fifty-six dollars and ninety cents. The costs of sale were paid, and the remainder of the purchase-price of the land was applied to the satisfaction

of the claim for attorney's fees, leaving the original costs, amounting to the sum of sixty-two dollars and forty cents, unpaid.

The land not having been redeemed from such sale within one year from its date, the sheriff executed a deed to the purchasers.

Paul and Humphreys have deeded their interest in the land to appellee.

It is contended, by the appellants, that this sale was void, while the appellee seeks to sustain it upon the ground:

*First.* That the attorney's fees mentioned in the decree above set out were part of the expenses of partition, and that, as such, the court had the power to make orders in relation to their payment.

*Second.* That the decree above set out shows that a judgment for the attorney's fees therein named was rendered by agreement of the parties, and inasmuch as the attorneys had a right to an execution to collect the same, the order to sell the specific property was, at most, irregular, and unless the writ was set aside for irregularity, before sale, the sale was valid.

It is a general principle of law, that courts have no power to adjudicate matters not involved in the issues in causes pending before them.    Litigants do not place themselves for all purposes under the control of the court, and it is only the interests involved in the particular suit that can be affected by the adjudication.    Over other matters, the court has no jurisdsction, and any decree or judgment relatîng to them is void.    Freeman on Judgments (4th ed.), section 120; *McFadden* v. *Ross*, 108 Ind. 512; *Ringgenberg* v. *Hartman*, 124 Ind. 186.

An exception to this rule exists, however, where the parties by agreement, in open court, permit matters to be adjudicated not involved in the issues in the cause.

Hutts *et al. v.* Martin.

In such cases the judgment rests upon the agreement of the parties, and not upon the pleadings in the cause. *Indiana, etc., R. W. Co.* v. *Bird,* 116 Ind. 217; *Fletcher* v. *Holmes,* 25 Ind. 458; *Hudson* v. *Allison,* 54 Ind. 215; *Lyon, Admr.,* v. *Roy,* 54 Ind. 300.

We are unable to agree with the contention of the appellee, however, that the record under immediate consideration discloses the rendition of any judgment in favor of the attorneys Paul, Humphreys, and Martin, or that the appellants agreed to the rendition of any such judgment.

It does appear that they agreed to the manner in which the land described in the complaint in that cause should be divided without appointing commissioners to make such partition, and the plain inference is, we think, from this record, that the court, proceeding upon the theory that it had a right to make orders in relation to the costs and expenses of such partition, assumed to ascertain the amount of attorney's fees, as part of such expense, and order the same taxed as such.

Paul, Humphreys, and Martin were not parties to the suit, and were not before the court in their own behalf, but were there simply as the attorneys of the appellants. In the absence of evidence which would exclude all doubt, we can not assume that the court permitted them to place themselves in an attitude antagonistic to their clients, and seek a judgment in their favor against those whose interests they were employed to protect. To hold, therefore, that the record before us declares a judgment in favor of the attorneys' against their clients, in an action where such clients were alone represented by them, is to hold that the court permitted such attorneys to become parties to the action represented by them, and, by judgment of the court, acquire interests in the subject-

matter of the suit, adverse to their clients. We do not think this record requires us to assume that any such impropriety was permitted.

We think the record, when considered as a whole, discloses the facts that, after the judgment of partition was agreed upon, the court assumed to fix and adjudge the costs and expenses of the partition, and, in doing so, assumed that the attorney's fees mentioned in the record was a part of such expenses, and undertook to ascertain the amount and decree the manner of their payment.

This would involve a controversy between the parties to the suit, and not a controversy between the attorneys and their clients. As to whether the court possessed the power to enter the finding and decree before us, therefore, depends upon whether such fees can, in any view of the case, be considered a part of the expenses of the partition, within the meaning of our statute. Section 1208, R. S. 1881, provides that "All costs and necessary expenses shall be awarded and enforced in favor of those entitled thereto, against the partitioners, in such proportion against each as the court may determine."

In partition suits, costs accrue in favor of the clerk for issuing process and making the record, and often costs accrue in favor of the sheriff for serving process.

The commissioners, to make partition, are to be paid for their services, and so the court may make them a reasonable allowance. It may be presumed that cases will arise in which such commissioners will require the aid of a surveyor, and for the services of such surveyor the court has the power to make an allowance. In cases where the property can not be divided without injury, the court has the power to order it sold and the proceeds divided, and in such cases the court may make a reasonable allowance to the commissioner to sell, not only for

his own services, but to reimburse him for his necessary expenses, including attorney's fees paid for making his reports.    All these are necessary expenses, and the court has jurisdiction to adjudicate them and to make and enforce the necessary orders for their payment.    But if this statute has ever received a construction broad enough to cover attorney's fees of the parties incurred in prosecuting or defending an action in partition, we are not aware of it.    Our opinion is that it does not cover any such expense.    The attorney's fees, in prosecuting and defending partition suits, is a matter of contract, either express or implied, to be paid by the party who employs counsel.    In this case the attorney-fee in question is for defending the action.    The plaintiff in the action could not have been made liable for such fee in any event. It was a matter in which he could have no interest, and it could not, therefore, have been a matter of controversy in that suit between him and the appellants here.    Not being a matter about which a controversy could arise between the parties to the suit, the court had no jurisdiction over it, and any attempted adjudication of it in that action was, in our opinion, void.

We concede the rule which holds that all acts done under a voidable writ are valid, unless the writ is set aside; but an execution issued without a valid judgment is not voidable simply, but is void.    There being no valid judgment upon which to base an execution or order of sale in this case, the order issued by the clerk of the Fountain Circuit Court was, in our opinion, void, and was no authority to the sheriff for making the sale under which the appellee claims title to the land in controversy.

As the record before us does not amount to a valid judgment, and can furnish no foundation for the title

which the appellee asserts to the land involved in this suit, the court erred in admitting it in evidence.

Judgment reversed, with directions to the circuit court to grant a new trial.

Filed March 8, 1893; petition for a rehearing overruled June 7, 1893.