Merrill **KIKKERT** and **AAA Supply Corporation, Appellants,**

v.

Arthur **KRUMM** and Gretna **Krumm, Appellees.**

No. 285S59.

Supreme Court of Indiana.

Feb. 20, 1985.

Joel C. Levy, Gregory R. Lyman, Single-ton, Levy, Crist & Johnson, Highland, for appellants.

Saul I. Ruman, Hammond, for appellees.

DeBRULER, Justice.

This case comes to this Court on transfer from the Court of Appeals. We granted transfer in order to consider whether the trial court's judgment in awarding attorney fees for obdurate behavior was proper.

This cause of action arose on August 30, 1971. On that day, in response to a survey, Defendant-Appellants, Merrill Kikkert and AAA Supply Corporation, installed a large number of fence posts on "Junction Avenue" about four feet south of the northern edge of the road. Defendants' fence posts restricted travel on the remaining portion of the road and disrupted Plaintiff-Cross Appellants, Arthur and Gretna Krumm, concrete business.

Plaintiffs filed suit on October 5, 1971, for an injunction, compensatory, and punitive damages. In May 1972, a trial was held on the injunction and testimony was given regarding the open and continuous use of the road since the 1930's. On September 16, 1972, the trial court ordered Defendants to remove the fence posts and to refrain from any further obstruction. The trial court based its judgment on the legal theories of highway by public user, implied dedication, prescriptive easement and equitable estoppel. Defendants removed the fence posts on September 21, 1972. Subsequently, Defendants appealed the grant of injunction; however, the Court of Appeals affirmed the trial court's decision and remanded on the issue of damages. *AAA Supply Corp. v. Krumm* (1979), Ind.App. (Mem.).

On remand, an evidentiary hearing was held, and the trial court determined that Plaintiffs were not entitled to compensatory or punitive damages for the alleged interference with their business. However, the trial court awarded Plaintiffs' attorney fees ($10,685.00) and costs of a survey ($500.00). The basis for this award was that Defendants' conduct in erecting the fence posts was intentional, illegal and with little regard to the rights of the public and plaintiffs. The Court of Appeals affirmed the trial court's award of attorney fees, but reversed the award for survey costs. 464 N.E.2d 31.

Defendants petitioned this Court for transfer in order to challenge the award of attorney fees and to question the legal status of the drainage ditches on the side of the road. Plaintiffs petitioned this Court for transfer in order to challenge the denial of compensatory and punitive damages.

I

The general rule requires each party to the litigation to pay his own attorney

fees. Attorney fees are not allowable in the absence of a statute, or in the absence of some agreement or stipulation specially authorizing thereof; and it has been held that the rule applies equally in courts of law and in courts of equity. *Trotcky v. Van Sickle* (1949), 227 Ind. 441, 85 N.E.2d 638. However, recently, arms of the Indiana Court of Appeals in parallel fashion to the law of other jurisdictions have recognized an exception to the general rule through the use of their equitable powers where a party has acted in bad faith. See *Cox v. Ubik* (1981), Ind.App., 424 N.E.2d 127.

 This is the first time the Supreme Court of Indiana has considered the obdurate behavior exception to the American rule which requires each party to the litigation to pay his own attorney fees. Essentially, the obdurate behavior exception is a protective measure which operates to help preserve the integrity of the judicial process. The nature of an attorney fee award under the obdurate behavior exception is punitive, designed to reimburse a *prevailing party* who has been dragged into *baseless litigation* and thereby subjected to *great expense.* See *Cox v. Ubik* (1981), Ind.App., 424 N.E.2d 127; *Hall v. Cole* (1973) 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702. The obdurate behavior exception only comes into play at the time a party files a knowingly baseless claim or at the time a party discovers that the claim is baseless and fails to dismiss it. Such conduct will constitute obdurate behavior if the trial court determines that it was vexatious and oppressive in the extreme and a blatant abuse of the judicial process.

In the case at bar, Plaintiffs were awarded attorney fees under the obdurate behavior exception. The basis of the trial court's decision was that the conduct of the Defendants in erecting the fence posts was intentional, illegal, and with little regard to the rights of the public and the Plaintiffs. This case is an example of the classic property dispute. Defendants, under a claim of right, attempted to build a fence on what they thought was the edge of their property. Plaintiffs disputed Defendants' claim and filed a lawsuit. There are two reasons why the obdurate behavior exception does not apply under this set of facts. First, the exception provides a remedy for defendants who are dragged into baseless litigation. Second, the allegedly obdurate behavior occurred before the lawsuit was filed. Intentional or illegal conduct that gives rise to a cause of action is not obdurate behavior; it is merely conduct that may form the basis of a potential lawsuit.

The award of Plaintiffs' attorney fees was error and the judgment in that regard is reversed. The Court of Appeals decision is affirmed in all other respects. As is their remainder of the judgment.

GIVAN, C.J., and HUNTER and PRENTICE, JJ., concur.

PIVARNIK, J., not participating.