Lewis MAGGIO, Sr., Administrator of the Estate of Kathleen Maggio, Deceased; Appellant (Plaintiff Below),

v.

Dr. M.R. LEE, Appellee (Defendant Below).

No. 37A03-8702-CV-44.

Court of Appeals of Indiana, Third District.

Aug. 24, 1987.

Stephen H. Meyer, Delmar P. Kuchaes, Chudom & Meyer, Schererville, for appellant.

Michael J. Anderson, Edward N. Kalamaros & Associates, South Bend, for appellee.

STATON, Judge.

Lewis Maggio, Sr., as Administrator of the Estate of Kathleen Maggio, moved the trial court for a continuance of his wrongful death action against M.R. Lee, M.D. The trial court granted the continuance, but it entered an order imposing sanctions against Maggio in the amount of $3,000 "for the use and benefit of Defendant's Attorney," and directing Maggio to pay any additional attorney's fees incurred by Lee, not including the trial, at a rate of $65.00 per hour. Maggio appeals from this interlocutory order, pursuant to Ind.Rules of Procedure, Appellate Rule 4(B)(1). He raises three issues, which we consolidate and restate as follows:

I. Whether Trial Rule 53.5 provides for and allows the awarding of attorney's fees?

II. Whether T.R. 53 provides for and allows sanctions?

Because we reverse, we need discuss only issue I.

## I.

### Attorney's Fees

The trial court ordered Maggio to pay $3,000 for the use and benefit of Lee's attorney and further ordered him to pay any additional attorney's fees at the rate of $65.00 per hour. Maggio argues that these awards were improper, because T.R. 53.5 does not provide for the award of attorney's fees.

Indiana follows the "American Rule" regarding attorney's fees, so that each party is bound to pay its own attorney's fees unless there is specific statutory authority or contractual agreement to the contrary. *Trotcky v. Van Sickle* (1949), 227 Ind. 441, 445, 85 N.E.2d 638, 640. Maggio argues that T.R. 53.5 does not provide the specific statutory authority which the American Rule requires. We agree.

Trial Rule 53.5 reads in part as follows: Upon motion, trial may be postponed or continued in the discretion of the court and shall be allowed upon a showing of good cause established by affidavit or other evidence. *The court may award such costs as will reimburse the other parties for their actual expenses incurred from the delay.*

In *State v. Holder* (1973), 260 Ind. 336, 295 N.E.2d 799, our Supreme Court wrote:

It has long been established in this State, however, that the bare term "costs" does not encompass attorney fees. *Hutts v. Martin* (1893), 134 Ind. 587, 33 N.E. 676. The majority of jurisdictions have agreed with this construction and it is widely held that the use of the word "costs" in a statute is not intended to provide for the payment of attorney fees. 26 A.L.R.2d 1295; 27 Am.Jur.2d Eminent Domain § 476.

It is true that T.R. 53.5 contains more than the bare term *costs*, and it may be argued that the reference to "actual expenses incurred from the delay" must necessarily include attorney's fees. This argument fails, however, when we look at similar provisions in other trial rules. Trial Rule 37 authorizes the trial court to order a party failing to comply with a discovery order "to pay the reasonable expenses, including attorney's fees, caused by the failure...." Similarly, T.R. 56(G) expressly includes attorney's fees among the reasonable expenses which a party may be required to pay if its affidavits supporting or opposing a motion for summary judgment are found to have been presented in bad faith or solely for the purpose of delay. *See also* T.R. 16(K).

When it is intended that attorney's fees be included among the expenses which a party can recover, the rules ex-

pressly authorize the trial court to make such an award. A general provision for expenses in T.R. 53.5 does not authorize the trial court to award attorney's fees.

 Lee argues that even if T.R. 53.5 does not authorize the trial court's award of attorney's fees, they are justified under the obdurate behavior exception to the American Rule. Our Supreme Court has ruled, however, that this exception applies only in very limited circumstances.

> The obdurate behavior exception only comes into play at the time a party files a knowingly baseless claim or at the time a party discovers that the claim is baseless and fails to dismiss it. Such conduct will constitute obdurate behavior if the trial court determines that it was vexatious and oppressive in the extreme and a blatant abuse of the judicial process.

*Kikkert v. Krumm* (1985), Ind., 474 N.E.2d 503, 505. Clearly this exception does not apply here.

The trial court's award of $3,000 for Lee's attorney, plus $65.00 per hour for additional attorney's fees, is reversed. The trial court may, in its discretion, order Maggio to reimburse Lee for other actual expenses incurred as a result of the delay.

GARRARD, P.J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

I do not believe that "costs" as reimbursement for expenses incurred are the "costs" contemplated in *State v. Holder* (1973) 260 Ind. 336, 295 N.E.2d 799. The *Holder* case dealt with a specific statute, the Eminent Domain Act. Furthermore, as noted by Justice DeBruler in the majority opinion, the word "costs" as there considered included only those expenses of trial "which are prescribed by statute to be paid to the court." *Id.* at 339, 295 N.E.2d at 801. The opinion observed that the legislature did not apparently intend to include in the statute, such "costs" as are contemplated by Indiana Rules of Procedure, Trial Rule 53.5, i.e., reimbursement for expenses

incurred from delay occasioned by the other party.

In any event, notwithstanding the "American Rule" and notwithstanding specific inclusion in other trial rules of attorney fees as recoverable, I am of the view that the courts have the inherent authority to award attorney fees where necessary to compensate a litigant who has been unduly burdened or prejudiced. *See Hamilton v. Hamilton* (1986), 2d Dist.Ind.App., 489 N.E.2d 590, *trans. denied; State v. Hicks* (1984) 2d Dist.Ind.App., 465 N.E.2d 1146 (Sullivan, J. concurring, 465 N.E.2d at 1151 *et seq.*); *Briggs v. Clinton County Bank & Trust Co.* (1983) 2d Dist.Ind.App., 452 N.E.2d 989, *trans. denied.*

I concur in the reversal of the interlocutory order here because there was no evidence that the award was necessary as actual compensation for expenses incurred as a result of the delay.