**Carolyn H. SRIVASTAVA,**
**Appellant–Plaintiff,**

v.

**INDIANAPOLIS HEBREW**
**CONGREGATION, INC.,**
**Appellee–Defendant.**

**No. 49A02–0112–CV–883.**

Court of Appeals of Indiana.

Nov. 22, 2002.

Carolyn H. Srivastava, Indianapolis, IN, Appellant Pro Se.

Paul T. Fulkerson, Skiles, Hansen, Cook & DeTrude, P.A., Indianapolis, IN, Attorney for Appellee.

## OPINION

ROBB, Judge.

In April 2000, Carolyn Srivastava initiated a lawsuit against officers and directors of the Indianapolis Hebrew Congregation ("IHC") in the Marion County Clerk's Office. On November 1, 2000, Srivastava filed a motion to dismiss her lawsuit, which motion the court granted without prejudice. On November 20, she refiled her complaint in the Marion County Clerk's Office, asserting essentially the same claims against the same defendants. IHC filed a motion for costs and sanctions related to refiling a previously dismissed lawsuit. The trial court granted the motion and imposed sanctions of $8922.88 against Srivastava. She now brings this interlocutory appeal of the award. We affirm and remand.

### Issues

Srivastava raises many issues [1] for our review which we consolidate and restate as:

1. Srivastava raises many issues in her brief, but most of her brief is a general haranguing of everyone with whom she's come into contact while preparing and presenting her case.

1. Whether the trial court had jurisdiction to award costs and sanctions[2] to IHC; and

2. Whether the trial court properly denied Srivastava's request to find several parties in contempt of court.

### Facts and Procedural History

On April 13, 2000, Srivastava filed a complaint in the Marion County Clerk's Office that was assigned to Room 3, alleging improper behavior by several directors and officers of IHC. On November 1, she filed a motion to voluntarily dismiss her case. The court granted the motion without prejudice. On November 20, she refiled her complaint in the Marion County Clerk's Office with essentially the same claims and the same defendants. This time, her complaint was assigned to a different courtroom and a different judge. IHC subsequently filed a motion for costs and sanctions associated with refiling a previously dismissed case. After first denying the motion on procedural grounds, the court allowed IHC to refile its motion. On December 5, the court held a hearing on the motion for costs and sanctions and granted the motion, awarding IHC $8922.88, the cost of their attorney's fees from the initial litigation and for preparing and defending the motion for costs and sanctions. This interlocutory appeal ensued.

### Discussion and Decision

#### I. Sanctions Including Attorney's Fees

Srivastava contends that the trial court lacked jurisdiction to award sanctions and costs from a previously dismissed case from another courtroom. Additionally she states that the sanctions included attorney's fees which will go to either IHC's insurance company or counsel, neither of which is a party to the litigation. She contends that the trial court lacked jurisdiction to award costs and sanctions to a non-party.

Also, she argues that Indiana Code section 34–52–1–1(c) precludes an award of attorney's fees because IHC's counsel has already been paid and such an award would result in an improper double award. Finally, she argues that the trial court lacked statutory authority to make such an award to IHC.

##### A. Jurisdiction to Award Costs and Sanctions From a Case From Another Courtroom

###### 1. Standard of Review

■ Srivastava argues that the trial court lacked jurisdiction to award sanc-

---

However, she has not articulated issues from which we can have a discussion nor any proper argument. Therefore, she waives her arguments on appeal except for those we have been able to fashion. *See Marsh v. Dixon*, 707 N.E.2d 998, 999–1000 (Ind.Ct.App.1999), *trans. denied* (stating that failure to present a cogent argument in a brief on appeal is considered a waiver of that issue). The Indiana Appellate Rules make it clear that an appellant must present a cogent argument, supported by authority, when requesting this court's review:

> The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.

Ind. Appellate Rule 46(A)(8)(a). Additionally, we strongly caution Srivastava against using her briefs to make accusations against parties and non-parties without providing evidence to support such accusations.

2. Srivastava consistently refers to the trial court order of January 7, 2002, as awarding attorney's fees and she makes most of her argument against an attorney fee award. However, the January 7 order never mentions attorney's fees. *See* Appellant's Appendix at 18–19. Rather, the order refers to sanctions and costs. Therefore, we will limit our discussion to whether the trial court properly awarded sanctions and costs.

tions including attorney's fees from a case heard in another courtroom. This is a challenge to the trial court's jurisdiction of the case. Jurisdiction of the case refers to the trial court's right, authority, and power to hear and decide a specific case within the class of cases over which a court has subject matter jurisdiction. *In Re Guardianship of K.T.*, 743 N.E.2d 348, 351 (Ind. Ct.App.2001). A judgment rendered by a court which lacks jurisdiction of the case is voidable by the reviewing court. *Id.*

### 2. Trial Court's Award of Costs and Sanctions to IHC

■ Srivastava contends that the trial court lacked jurisdiction to award sanctions including attorney's fees from a case previously dismissed by a judge in another courtroom in the Marion County Superior Court. She states that her first case was dismissed without prejudice and the trial court did not attach any terms or conditions to that dismissal. Additionally, she notes that IHC did not move for attorney's fees in the first case.

After Srivastava filed her second case, IHC moved for costs and sanctions including attorney's fees. IHC relied on Indiana Trial Rule 41(D) which states:

If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

Srivastava contends that Trial Rule 41(D) is unclear as to which court may make the award and therefore, she argues that the court which heard the first case should make the award. However, this reading would not be in the interest of justice or judicial economy. Under Srivastava's in-

terpretation of Rule 41(D), a plaintiff would dismiss her case in one court, refile in another court, and have to return to the first court to argue costs. The second court is in a better position to determine whether costs are appropriate from the refiling of a previously dismissed suit.

The ambiguity of the rule is irrelevant in the present case, however, because both cases were filed in the Marion County Superior Court. The Indiana legislature has established a unified Marion County Superior Court. *See* Ind.Code § 33–5.1–2–1. The single Marion County Superior Court is divided into rooms for the efficient administration of justice. Ind.Code § 33–5.1–2–9(e). Therefore, although IHC's costs were awarded from a different courtroom and by a different judge, we hold that the trial court had jurisdiction to award costs because both cases were filed in the same court.

### 3. Costs Under Indiana Trial Rule 41(D)

■ Additionally, Srivastava argues that attorney's fees are improper under Trial Rule 41(D). We agree. Trial Rule 41(D) allows only for costs. "It has long been established in this State ... that the bare term "costs" does not encompass attorney fees." *Maggio v. Lee*, 511 N.E.2d 1084, 1085 (Ind.Ct.App.1987) (quoting *State v. Holder*, 260 Ind. 336, 339, 295 N.E.2d 799, 800 (1973)). In *Maggio*, we considered whether the phrase "The court may award such costs as will reimburse the other parties for their actual expenses incurred from the delay," as stated in Trial Rule 53.5, would include attorney's fees. 511 N.E.2d at 1085. However, upon looking at similar provisions in other trial rules, we determined that even though Rule 53.5 includes costs incurred from the delay, that phrasing was not specific enough to include attorney's fees. *Id.* at 1085–86 ("When it is intended that attorney's fees be included among the expenses

which a party can recover, the rules expressly authorize the trial court to make such an award.")

The language in Rule 41(D) is similar to Rule 53.5. Rule 41(D) allows a court to make an order for the "payment of costs of the action previously dismissed as it may deem proper...." Because there is no express language in Rule 41(D) allowing for the recovery of attorney's fees, we agree with Srivastava that attorney's fees are not recoverable under that rule. Although attorney's fees are not recoverable under Rule 41(D), costs are recoverable and we hold that the trial court could have properly awarded costs under Rule 41(D).

However, Srivastava fails to note that IHC alternatively asked for costs under Rule 41(D) and sanctions under Rule 11. *See* [IHC]'s Motion for Costs and Sanctions Associated with Refiling Previously Dismissed Action, Appellant's Appendix at 142–46. The trial court's award matches exactly the amount of attorney's fees claimed by IHC during the hearing on costs and sanctions. Therefore, we believe that the award was a sanction against Srivastava rather than an award of costs, despite the trial court's specific award of "sanctions and costs." Order of January 7, 2002, Appellant's Appendix at 18. Therefore, we must consider whether the trial court properly awarded sanctions including attorney's fees against Srivastava.

### 4. Sanctions under Rule 11

#### a. Standard of Review

■ Under Trial Rule 11, a trial court has the discretion to impose sanctions where it determines that the verified motion contains information that the attorney knew to be false. *Noble County v. Rogers,* 745 N.E.2d 194, 198 (Ind.2001) (quoting *Zwiebel v. Zwiebel,* 689 N.E.2d 746, 750 (Ind.Ct.App.1997), *trans. denied*). A trial court abuses its discretion only if its deci-

sion is against the logic and effect of the circumstances before it. *Gleason v. Bush,* 689 N.E.2d 480, 483–84 (Ind.Ct.App.1997). The trial court's decision will be affirmed if there is any evidence supporting its decision. *Id.*

#### b. Award of Sanctions to IHC Under Rule 11

■ Trial Rule 11(A) requires that every pleading or motion be signed by an attorney or by a plaintiff representing himself. Ind. Trial Rule 11(A). The signature constitutes a certificate that he has read the pleadings and that, to the best of his knowledge, information and belief, there is good ground to support the motion and that it is not interposed for delay. Ind. Trial Rule 11(A). For a willful violation of Trial Rule 11(A), an attorney may be subjected to appropriate disciplinary action. *Id.* The requirements of certification apply equally to attorneys and pro se litigants. *New Albany–Floyd County Educ. Ass'n v. Ammerman,* 724 N.E.2d 251, 256 n. 9 (Ind.Ct.App.2000).

Here, Srivastava made representations to the Marion County Superior Court in her Motion to Dismiss Complaint. She stated that she did not "want to remain mired long-term in the morass of negativity which litigation entails. It is too stressful and emotionally draining." Appellant's Appendix at 170. Additionally, she stated that she no longer felt welcome in Indianapolis and expressed a desire to move. *Id.* at 171. However, within a week of dismissing her complaint, Srivastava began emailing Rabbi Eric Bram at IHC. *Id.* at 174. When she did not receive a response to her first email, she threatened and insulted Bram via a second email. *Id.* at 175. When she again did not receive a response, she sent a third email accusing Bram of turning the congregation against her and expressing her intention to attend religious

services at IHC again. *Id.* at 176. Within a week after the third email, she refiled her suit against IHC in the Marion County Superior Court.

The trial court did not abuse its discretion in finding that Srivastava made false representations to the trial court regarding her reason for seeking voluntary dismissal of her lawsuit. IHC posits that she wanted to start over because the first judge would not allow her to amend her complaint more than four times and she had more amendments to make. Regardless, the evidence supports the conclusion that she did not intend to terminate her case as she told the trial court. Therefore, the trial court was within its discretion in awarding sanctions pursuant to Trial Rule 11(A).

### 5. Award of Attorney's Fees to a Non Party

 Srivastava next contends that the award of sanctions including attorney's fees was erroneous because the money will either go to IHC's insurance company or IHC's counsel, neither of which are parties to this action. She contends that the trial court lacks jurisdiction to confer attorney's fees upon a non-party. We note first that the award was made to IHC, a party in the instant litigation. However, we also note that an award of attorney's fees to a non-party is not inappropriate per se. *See Harco, Inc. v. Plainfield Interstate Family,* 758 N.E.2d 931 (Ind.Ct.App.2001). In *Harco,* Harco argued that Plainfield could not recover any attorney fees billed to and paid by their operating company because the operating company was not a party to the suit. *Id.* at 944. This court noted first that the trial court is not constrained to award attorney's fees only when those fees have been directly billed to and paid by a party. *Id.* Rather, the relevant inquiry is whether a party has *incurred* attorney fees. Id. *See also Beeson v. Christian,*

594 N.E.2d 441, 443 (Ind.1992) ("public policy [of equal access to courts] would be undermined if we were to hold that a party must be personally obligated to pay attorney fees before the trial court could order the other party to pay those fees.")

First, we note again that the award was not styled as attorney's fees, but as a sanction against Srivastava based on her false representations to the trial court. However, assuming arguendo that the sanctions including attorney's fees can be considered to have been an award to IHC's counsel or insurance company, the relevant question is whether IHC incurred attorney's fees. The trial court found that IHC incurred attorney's fees and therefore, we find no error in the award to IHC even though the money may end up in the possession of a non-party.

### 6. Double Recovery of Attorney's Fees

#### a. Standard of Review

 The award of attorney's fees is committed to the sound discretion of the trial court, and we will reverse an award of attorney's fees only upon a showing of abuse of that discretion. *Tioga Pines v. Indiana Family and Social Servs. Admin.,* 760 N.E.2d 1080, 1083 (Ind.Ct.App. 2001), *trans. denied.*

#### b. IHC's Double Recovery of Attorney's Fees

Srivastava contends that the trial court improperly awarded attorney's fees to IHC because the attorney's fees have already been paid and Indiana Code section 34–52–1–1(c) prohibits the prevailing party from recovering the same attorney's fees twice. She states that IHC's insurance company has already paid IHC's counsel and therefore, to award them a sanction including attorney's fees would be a double recovery for IHC or their counsel. However, the award is not a double recovery

for IHC; rather, the money was awarded so that IHC would be able to reimburse their insurance company for money paid out. The money was awarded as a sanction because of Srivastava's false representations to the trial court. Srivastava has not shown that the attorney's fees award would be a double recovery in violation of section 34–52–1–1(c). Therefore, we cannot say that the trial court abused its discretion in awarding attorney's fees to IHC.

## II. Contempt of Court

### A. Standard of Review

■ In reviewing a contempt judgment, we will not reweigh the evidence or judge the credibility of the witnesses. *In Re Guardianship of C.M.W.*, 755 N.E.2d 644, 650 (Ind.Ct.App.2001). If the evidence and all reasonable inferences which may be drawn therefrom support the trial court's decision, that decision stands. *Id.*

### B. Contempt of Court

■ "Contempt of court involves disobedience of a court which undermines the court's authority, justice, and dignity." *Carter v. Johnson*, 745 N.E.2d 237, 240 (Ind.Ct.App.2001) (quoting *Hopping v. State*, 637 N.E.2d 1294, 1297 (Ind.1994), *cert. denied*, 513 U.S. 1017, 115 S.Ct. 578, 130 L.Ed.2d 493 (1994)). It includes any act which tends to deter the court from the performance of its duties. *Id.* There are two types of contempt, direct and indirect. *Id.* at 240–41. Srivastava asserts that IHC has committed both direct and indirect contempt of court through its counsel and representatives.

■ Direct criminal contempt involves actions occurring near the court that interfere with the business of the court, and of which the judge has personal knowledge. *C.M.W.*, 755 N.E.2d at 650. Any act which manifests a disrespect and defiance of a court may constitute direct criminal contempt. *Id.* In order for contempt to be direct, it must take place in the presence of the court, so that the judge has personal knowledge of it. *Matter of Craig*, 552 N.E.2d 53, 55 (Ind.Ct.App. 1990).

Srivastava has not presented us with any actions which have happened in open court. Rather, the actions she alleges constitute contempt have all been outside the court and then she has alerted the court of the behavior. Therefore, we hold that there is no direct contempt.

■ Indirect contempt undermines the activities of the court but fails to satisfy one of the other direct contempt requirements. *C.M.W.*, 755 N.E.2d at 651. Indiana Code sections 34–47–3–1 to –4 describe the actions by which one can be held in indirect contempt of court: willful disobedience of a process or order; resisting process; assaulting, influencing, or intimidating witnesses; and false or inaccurate reporting of a proceeding. Srivastava alleges that IHC, through its counsel and representatives, has attempted to intimidate her to keep her from going forward with her claim against them and have falsely reported information to the trial court in order to impede the proceedings. Specifically, she contends that IHC has denied events that have taken place, attempted to blame her for illegal actions of their own agents, filed groundless counterclaims against her, filed complaints about being asked to respond to motions, attempted to strike one of her motions, and filed a motion for costs.

Srivastava has not presented this court with any evidence of harassment or intimidation or improper actions. She is merely asking us to reweigh the evidence she states she presented to the trial court and that we will not do. Therefore, we cannot hold that the trial court erred in not find-

ing indirect contempt of court in the actions of which Srivastava complains.

### III. Appellate Attorney's Fees

#### A. Standard of Review

Indiana Appellate Rule 66(E) provides for the assessment of damages on appeal. "Damages shall be in the Court's discretion and may include attorneys' fees." Ind. Appellate Rule 66(E). An award of damages under this rule is discretionary and may be ordered when an appeal is "permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Commercial Coin Laundry Systems v. Enneking*, 766 N.E.2d 433, 442 (Ind.Ct.App.2002) (quoting *Orr v. Turco Mfg. Co., Inc.*, 512 N.E.2d 151, 152 (Ind.1987)).

#### B. IHC's Appellate Attorney's Fees

Our supreme court has cautioned that appellate attorney's fees should be awarded only when the arguments on appeal are "utterly devoid of all plausibility." *Commercial Coin*, 766 N.E.2d at 442 (quoting *Orr*, 512 N.E.2d at 152). The fact that attorney's fees were awarded by the trial court does not necessarily mean that appellate attorney's fees should also be awarded. *Commercial Coin*, 766 N.E.2d at 442. Pro se litigants are liable for attorney's fees when they disregard the rules of procedure in bad faith. *Watson v. Thibodeau*, 559 N.E.2d 1205, 1211 (Ind.Ct. App.1990).

IHC argues that we should award it appellate attorney's fees because Srivastava accuses many individuals of improper behavior in proceeding with her case. Additionally, IHC argues that Srivastava includes facts in her brief which are not supported by her citations to the appendix. Finally, IHC contends that Srivastava has failed to comply with the appellate rules in preparing her Statement of Facts and Statement of the Case.[3]

Srivastava's briefs are practically devoid of articulate arguments and instead are filled with unsupported accusations of conspiracies of the trial court, IHC's counsel and a variety of political figures in an attempt to derail her lawsuit. In light of Srivastava's failure to present cogent arguments and her failure to support the accusations which permeate her briefs, we hold that appellate attorney's fees are appropriate in this case. Therefore, we remand to the trial court for a determination of IHC's attorney's fees.

#### Conclusion

The trial court did not abuse its discretion in awarding costs and sanctions to IHC. Additionally, the trial court did not err in not finding contempt of court. We hold that an award of appellate attorney's fees would be appropriate in this case because of Srivastava's meritless briefs which constitute bad faith. Therefore, the trial court's award is affirmed and we re-

---

3. IHC contends that Srivastava failed to draft her Statement of Facts in the light most favorable to the judgment. Although there is caselaw that would mandate that the Statement of Facts should be drafted in the light most favorable to the judgment, the new Appellate Rules provide that the Statement of Facts should be stated in the light most favorable to the standard of review. *See* App. R. 46(A)(6)(b). Therefore, this suggests that the door is open to providing facts which are not favorable to the judgment, but are necessary to decide the case based on the standard of review. Thus, IHC's Motion to Strike Reply Brief of Appellant, which is based on the posit that the Statement of Facts should have been drafted in the light most favorable to the judgment, is hereby denied. Additionally, Srivastava's Motion to Strike Matter from Appellee's Motion is hereby denied for failure to present an articulate argument.

mand for a determination of IHC's appellate attorney's fees.

Affirmed and remanded.

RILEY, J., and MATTINGLY–MAY, J., concur.