## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 11 2018, 9:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Vassil M. Marinov
West Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Todd M. Nierman
Bonnie L. Martin
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Vassil M. Marinov,

*Appellant-Plaintiff,*

v.

Fiat Chrysler Automotive,

*Appellee-Defendant*

September 11, 2018

Court of Appeals Case No.
79A02-1711-SC-2807

Appeal from the Tippecanoe
Superior Court

The Honorable Laura W. Zeman,
Judge

Trial Court Cause No.
79D04-1706-SC-2079

**May, Judge.**

[1] Vassil M. Marinov, *pro se*, appeals the small claims court's grant of Fiat Chrysler Automotive's motion to dismiss Marinov's complaint under the Indiana Wage Payment Act. We affirm.

# Facts and Procedural History

[2] At some point prior to June 19, 2017, Marinov worked for, and then was terminated by, Fiat Chrysler. On June 19, 2017, Marinov filed a claim in small claims court under the Indiana Wage Claims Act, Indiana Code section 22-2-9-3, *et. seq.*, alleging Fiat Chrysler had not paid him for one holiday, forty hours of vacation time, and supplemental unemployment benefits. On October 5, 2017,[1] the small claims court granted Fiat Chrysler's motion to dismiss. Marinov filed a motion to correct error on October 24, 2017, which the small claims court denied on October 26, 2017.[2]

# Discussion and Decision

[3] It is well settled that *pro se* litigants are held to the same standards as licensed attorneys and are required to follow procedural rules. *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n.1 (Ind. Ct. App. 2014), *trans. denied*, *cert. denied* 135 S. Ct. 227 (October 5, 2015). "We will not become an advocate for a

---

[1] Neither side states the filings which occurred between June 19 and October 5, 2017, and Marinov did not file a proper Chronological Case Summary.

[2] Marinov requested, and we granted, permission to file a belated appeal.

party, nor will we address arguments which are either inappropriate, too poorly developed or improperly expressed to be understood." *Terpstra v. Farmers & Merch. Bank*, 483 N.E.2d 749, 754 (Ind. Ct. App. 1985), *reh'g denied*, *trans. denied*.

[4] Our Appellate Rules explain the sections of a brief on appeal and, regarding the argument section of the brief, states: "The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to authorities, statutes, and the Appendix or parts of the Record on Appeal relied upon[.]" Ind. Appellate Rule 46(A)(8)(a). Failure to present a cogent argument results in waiver of the issue on appeal. *Srivastava v. Indianapolis Hebrew Congregation, Inc.*, 779 N.E.2d 52, 54 n.1 (Ind. Ct. App. 2002). Marinov's non-compliance with Indiana Appellate Rule 46(A)(8)(a) is fatal to his case.

[5] On appeal, Marinov does not explain the legal basis for his claim before the small claims court, except to list the days he claims he is owed wages and to state: "The Plaintiff demands judgment against you for $3,100.00., plus court cost of this action and under Indiana Low HEA 1469 two times of all no pay amounts-sums." (Br. of Appellant at 3) (errors in original). The remainder of Marinov's brief and his reply brief are rephrasings of his contentions that (1) the small claims court's decision was incorrect; (2) he was not given the opportunity to present his case; and (3) there was no evidence on which the small claims court could have based its decision. Marinov does not cite the record, nor does he cite any case law or statute to support his arguments.

In addition, pursuant to Indiana Appellate Rule 50(A)(2)(a), Marinov's appendix is required to contain "the chronological case summary for the trial court or Administrative Agency." The "Chronological Case Summary" included in Marinov's appendix is a page, typed presumably by Marinov, with four dates - the date Marinov filed his claim, the date of the trial court's order, the date of Marinov's motion to correct error, and the date the trial court denied his motion to correct error. (*See* Appellant's App. Vol. II at 2.) "[W]ithout a copy of the chronological case summary for the trial court . . . we have no way of determining whether the parties' statements of the case are accurate." *Hughes v. King*, 808 N.E.2d 146, 148 (Ind. Ct. App. 2004). The failure to include an item in an appendix does not itself waive an argument. App. R. 49(B). However, the dearth of items relevant to the appeal, such as the trial court's Chronological Case Summary and Fiat Chrysler's motion to dismiss, coupled with the absence of any cogent argument supported by the record or case law on appeal, results in waiver in this case.

# Conclusion

As Marinov has waived his appellate arguments by so substantially violating the Indiana Rules of Appellate Procedure that we cannot address his appeal, we affirm the decision of the small claims court.

Affirmed.


Baker, J., and Robb, J., concur.