Dorothy M. **RIVERS, Personally and as Administratrix of the Estate Of James A. Rivers, Deceased, Appellant–Respondent,**

v.

The **METHODIST HOSPITALS, INC.; Sakda Suwan, M.D.; Benjamin Tang, M.D.; Kosin Thupvong, M.D.; and Lake County Cardiovascular, Inc., Appellees–Petitioners.**

No. 75A03-9404-CV-155.

Court of Appeals of Indiana.

Aug. 14, 1995.

Timothy S. Schafer, Schafer and Schafer, Merrillville, for appellant.

Peter C. Bomberger, Blackmun, Bomberger & Moran, Highland, for appellee Methodist Hospitals, Inc.

David C. Jensen, Lyle R. Hardman, Eichorn, Eichorn & Link, Hammond, for appellees Sakda Suwan, M.D.; Benjamin Tang, M.D.; Kosin Thupvong, M.D.; and Lake County Cardiovascular, Inc.

## OPINION

HOFFMAN, Judge.

Appellant-respondent Dorothy M. Rivers, personally and as administratrix of the Estate of James A. Rivers, deceased, appeals from a dismissal of appellees-petitioners The Methodist Hospitals, Inc. ("Hospital"); Sakda Suwan, M.D.; Benjamin Tang, M.D.; Kosin Thupvong, M.D.; and Lake County Cardiovascular, Inc. (collectively "the Doctors") (when necessary to refer to both Hospital and the Doctors the term "Appellees" will be used) in a medical malpractice action.

On June 25, 1990, Rivers filed a proposed medical malpractice complaint against the Appellees with the Department of Insurance alleging that her husband's death was the result of Appellees' negligent care and treatment. On July 6, 1990, the Hospital served interrogatories and a request for production upon Rivers. The Doctors served their interrogatories on July 20, 1990. Hospital sent letters to Rivers on September 17 and November 8, 1990, asking Rivers to provide answers to its interrogatories and a response to its request for production, which were sent to Rivers in July. Rivers failed to respond. On July 20, 1990, the Doctors requested that Rivers sign a waiver of the physician-patient privilege relating to pertinent medical records to prepare for a defense. Rivers did not reply. Thereafter, the Doctors wrote Rivers and requested that she nominate a panel chairman and provide answers to their interrogatories of July 13, 1990. On the same day, the Doctors formally requested the creation of a Medical Review Panel. On October 29, 1990, the Doctors asked Rivers

whether she would agree to a panel chairman and if her answers to their interrogatories could be expected by November 15, 1990. Again, there was no reply from Rivers.

On February 19, 1991, Hospital filed its motion to compel discovery specifically requesting the imposition of sanctions. After a change of venue, Hospital filed a motion to compel discovery in Starke County. The Doctors filed a cross-motion to compel discovery on August 29, 1991. The court set a hearing on the pending motions for December 6, 1991.

On October 16, 1991, Hospital served its first request for admissions. The request was designed to show a pattern of abuse and misconduct by Rivers' counsel in refusing to provide discovery information. Rivers objected to the request. Hospital again filed a motion for an order compelling answers to its request for admissions, which was also set for hearing on December 6, 1991. On November 5, 1991, sixteen months after the interrogatories and request for production were served, Rivers filed her response. After the December 6, 1991 hearing, the trial court continued the matter of sanctions for further evidence at a later date. The court ordered Rivers to provide attachments omitted from answers to interrogatories within seven days and to answer interrogatories and admissions promptly.

Hospital served Rivers with a second request for admissions in January of 1992. On March 25, 1993, Hospital filed another motion requesting dismissal for Rivers' noncompliance with the discovery process. After a second hearing, the court found that Rivers' discovery responses were "incomplete, evasive and inadequate" and that Rivers failed to respond promptly as set out in the court's December 6, 1991 order. The court deemed admitted all of Hospital's first request for admissions and admissions Nos. 2–12 of the second request. The court further warned Rivers that "any further failure ... to timely answer or to completely answer discovery ... will result in an order of dismissal...."

On September 10, 1993, the Doctors filed a cross-motion for preliminary determination and to dismiss Rivers' claim for failure to prosecute. Four days later, Hospital filed its third motion for sanctions. Rivers in turn filed a motion to compel and for sanctions alleging Hospital and the Doctors' noncompliance with discovery. After a hearing, the trial court denied Rivers' motion to compel as to Hospital and the Doctors. The court ordered the dismissal of the Doctors for Rivers' failure to prosecute, failure to participate in meaningful discovery, and failure to participate in the formation of a Medical Review Panel. The court further entered a dismissal as to Hospital for Rivers' failure to prosecute and her pattern of bad faith and abusive resistance to discovery requests. Rivers now appeals.

Consolidated the issues presented for review are:

(1) whether the trial court abused its discretion in dismissing Rivers' claim against the Hospital pursuant to Chapter 11 of the Indiana Medical Malpractice Act[1] and Ind.Trial Rule 37 for failing to obey the court's discovery orders; and

(2) whether the trial court abused its discretion in dismissing Rivers' claim against the Doctors for failure to prosecute her claim.

 The Indiana Medical Malpractice Act provides that a court having jurisdiction over the subject matter and the parties of a proposed medical malpractice complaint has the authority to compel discovery in accordance with the Indiana Rules of Procedure. IND.CODE § 26–12–11–1(a)(1). The rules of discovery are designed to allow a liberal discovery process, the purposes of which are to provide parties with information essential to litigation of the issues, to eliminate surprise, and to promote settlement. *Canfield v. Sandock* (1990), Ind., 563 N.E.2d 526, 528; *Marshall v. Woodruff* (1994), Ind.App., 631 N.E.2d 3, 5. Discovery is designed to be self-executing with little, if any, supervision of the court. *Canfield*, 563 N.E.2d at 528.

---

1. IND.CODE §§ 27–12–11–1 through 27–12–11–5 (formerly IND.CODE §§ 16–9.5–10–1 through 16–9.5–10–5).

Rivers contends that the court should have first imposed a lesser sanction prior to dismissal of her claim. Rivers' reliance on *Chrysler Corp. v. Reeves* (1980), Ind.App., 404 N.E.2d 1147, *trans. denied,* and other cases decided under the predecessor to current T.R. 37(B)(2) is unfounded as the rule has been substantially rewritten. *See Burns v. St. Mary Medical Center* (1987), Ind.App., 504 N.E.2d 1038, 1039. The decision to impose the ultimate sanction of dismissal or default is within the trial court's discretion. *Nesses v. Specialty Connectors Co., Inc.* (1990), Ind.App., 564 N.E.2d 322, 327, *trans. denied.* A court need not necessarily impose a lesser sanction before dismissal or default judgment. *Id.*

The trial court is vested with broad discretion in ruling on discovery issues. Ind.Trial Rule 37(B) provides a trial court with sanctions it may impose upon litigants for failure to comply with discovery orders. *Nesses,* 564 N.E.2d at 326. If a party fails to obey an order to provide discovery, the court "may make such orders in regard to the failure as are just[.] . . ." T.R. 37(B)(2). Included within such sanctions is an order striking out pleadings, staying actions until the order is obeyed, dismissing the action, or rendering a default judgment against the disobedient party. *Marshall,* 631 N.E.2d at 5; T.R. 37(B)(2)(c). As explained in *Nesses:*

"This is especially true when the disobedient party has demonstrated contumacious disregard for the court's orders 'and the conduct of that party has or threatens to so delay or obstruct the rights of the opposing party that any other relief would be inadequate.'"

*Id.* at 327 (quoting *Whitewater Valley Canoe Rental, Inc. v. Franklin Cty. Bd. of Commissioners* (1987), Ind.App., 507 N.E.2d 1001, 1008, *trans. denied* ).

Rivers also argues that prior to the dismissal the court had previously concluded that the Appellees' allegations as to the inadequacy of her discovery responses were wholly without merit. The trial court's dismissal of Rivers' claim against Hospital was just. Rivers has continually been recalcitrant in her compliance with discovery of information. Despite repeated requests and two court orders, Rivers' continually failed to adequately respond to the Appellees' discovery requests. Rivers failed to adequately comply with two court orders. Rivers was warned at the second hearing that failure to comply in the future would result in an order of dismissal. Based on Rivers' failure to participate in meaningful discovery and her pattern of bad faith and abusive resistance to discovery requests, the trial court did not abuse its discretion in dismissing the claims against the Appellees. Moreover, Rivers' reliance on the affidavit to support her contention of no wrong doing, runs contrary to the chronological case summary of December 16, 1991. The case summary, signed by Judge McLaughlin, specifically ordered Rivers to answer interrogatories and admissions promptly. Rivers repeatedly failed to comply with the order.

Additionally, Rivers' suggestion that Hospital and the Doctors failed to properly respond to interrogatories and motions to produce causing her to file a motion to compel discovery thereby hindering her ability to prosecute her case is without merit. In denying Rivers' motion, the court found that Appellees had properly answered Rivers' discovery requests 2½ years prior to the filing of her motion to compel. Further, Drs. Buyer and Obaid who did not respond to discovery have not been dismissed and are not participants in this appeal; their conduct has no affect on this appeal.

Rivers' claim that IND.CODE § 27–12–11–4 (1993 Ed.), formerly § 16–9.5–10–4, stayed this action upon the filing of Hospital and Rivers' motions to compel discovery and the Doctors' motion to dismiss is also unpersuasive. The statute provides "[u]pon the filing of a copy of the proposed complaint and motion with the clerk of the court, all further proceedings before the medical review panel shall be stayed automatically until the court entered a ruling on the motion." IND. CODE § 27–12–11–4. Rivers failed to recognize that the various motions filed with the trial court were a result of her repeated failure to properly respond to discovery requests. Rivers further argues that the trial court abused its discretion in dismissing her claim against the Doctors for failure to pros-

ecute her case. IND.CODE § 27–12–10–14, formerly IND.CODE § 16–9.5–9–3.5(b) is an administrative parallel to Ind.Trial Rule 41(E), regarding dismissal of an action for failure to prosecute or comply with the rules. The section of the act provides relief when a party or panel member is dilatory or fails to comply with the act. *Blackden v. Kaufman* (1993), Ind.App., 611 N.E.2d 663, 666, *trans. denied; Ground v. Methodist Hospital of Indiana* (1991), Ind.App., 576 N.E.2d 611, 613, *trans. denied.* IND.CODE § 27–12–10–14 (1993 Ed.) provides:

"A party, attorney, or panelist who fails to act as required by this chapter without good cause shown is subject to mandate or appropriate sanctions upon application to the court designated in the proposed complaint as having jurisdiction."

An order of dismissal is within the discretion of the trial court. *Galindo v. Christensen* (1991), Ind.App., 569 N.E.2d 702, 706. The appropriate considerations for the court in exercising its discretion as to the appropriate sanctions for the failure of a party to comply with the act is whether the breach of duty was intentional or contumacious and whether prejudice resulted. *Id.*

The trial court did not abuse its discretion in ordering a dismissal for Rivers' failure to prosecute her case, failure to participate in meaningful discovery and failure to participate in a panel formation. Over the course of this case, Rivers has continually failed to provide timely, complete and unevasive answers to discovery, thereby, forcing Hospital and the Doctors to file repeated motions to compel discovery. Following two separate hearings on Appellees' motions, the court has ordered Rivers to comply with discovery. It was only after the motions to compel and corresponding order that Rivers provided responses to discovery. Rivers repeatedly failed to respond to correspondence sent by the Appellees regarding discovery requests and the formation of a Medical Malpractice Review Panel.

Further, it was not until the proposed complaint had been pending for over a year that Rivers herself finally served interrogatories and requests for production of documents on the Appellees. Since the inception of her case in July of 1990, Rivers' only affirmative actions have been a motion for change of venue and a discovery request on October 24, 1991.

Rivers also has failed to participate in the election of a panel chairman. IND.CODE § 27–12–10–4 (1993 Ed.) provides:

"A medical review panel shall be selected in the following manner:

(1) Within fifteen (15) days after the filing of a request for formation of a medical review panel under section 2 [IC 27–12–10–2] of this chapter, the parties shall select a panel chairman by agreement. If no agreement on a panel chairman can be reached, either party may request the clerk of the supreme court to draw at random a list of five (5) names of attorneys who:

(A) are qualified to practice;

(B) are presently on the rolls of the supreme court; and

(C) maintain offices in the county of venue designated in the proposed complaint or in a contiguous county."

Since the Doctors' request for the formation of a medical review panel, Rivers has failed to participate in the selection of a panel chair or formation of a review panel. The Doctors twice asked Rivers if they could agree upon a panel chair and even delineated various local attorneys they found acceptable to serve as a panel chairman. Rivers failed to respond to the Doctors. Although Rivers correctly notes IND.CODE § 27–12–10–4 allows for either party to file a request with the clerk of the supreme court to randomly draw a list from which a panel chairman is selected if the parties cannot agree, it is not a defendant's duty to prosecute a plaintiff's cause of action. The dismissal of the action against Hospital and the Doctors is affirmed.

Affirmed.

STATON and ROBERTSON, JJ., concur.