I respectfully dissent. Although we do not have a copy of the original written complaint, the record contains references to it. *See* Record p. 52. This court should order that

the record be supplemented with a copy of the complaint, as required by statute.

Lester GLEASON, II, Appellant–Plaintiff,

v.

Charles E. BUSH, Jr., M.D., John M. Gossard, M.D., and Lafayette Home Hospital, Inc., Appellees–Defendants.

No. 79A02-9704-CV-232.

Court of Appeals of Indiana.

Dec. 30, 1997.

Cynthia S. Rose, York, Schrager, Baxter, James & Rose, Indianapolis, for Appellant–Plaintiff.

Kevin Charles Murray, Locke Reynolds Boyd & Weisell, Indianapolis, for John M. Gossard, M.D.

Larry R. Fisher, Karen Orr McClure, Stuart & Branigin, Lafayette, for Charles E. Bush, Jr., M.D., and Lafayette Home Hospital, Inc.

## OPINION

FRIEDLANDER, Judge.

Lester Gleason, II, appeals the dismissal of his proposed complaint for medical malpractice against Dr. Charles E. Bush, Jr., Dr. John Gossard, and Lafayette Home Hospital, Inc. He raises several issues, which we consolidate and restate as:

> Did the trial court abuse its discretion in dismissing Gleason's complaint on the basis that Gleason failed to establish good cause for his failure to make a timely evidentiary submission to the medical review panel?

We affirm.

This case is before this court for the second time. The facts and procedural history up to the time of the first appeal are set forth in *Gleason v. Bush,* 664 N.E.2d 1183 (Ind.Ct.App.1996):

> On May 10, 1991, Lester Gleason II broke his right arm. Doctor Bush performed surgery on Gleason's arm and treated Gleason in the post-operative period. Gleason became dissatisfied with the progress of his healing and consulted with Doctor Gossard, who performed a second surgery on Gleason's arm at Lafayette Home Hospital. During the course of his treatment, a cast was allegedly placed too tight on Gleason's arm, resulting in further complications and additional surgeries.

> On May 5, 1993, Gleason filed a Proposed Complaint with the Department of Insurance alleging medical malpractice against the Doctors. Pursuant to the Indiana Medical Malpractice Act (Act), [Ind.Code Ann. § § 27–12–1–1 to 27–12–18–2,] the parties agreed to the formation of a Medical Review Panel (Panel). On February 21, 1994, Leroy Freiherr was selected as Chairman of the Panel. That day, Freiherr informed the parties of the schedule by which they were to submit evidence to the Panel: Gleason's initial submission was due April 7, 1994; the Providers' submission was due by May 23, 1994; and, Glea-

son's optional reply was due June 7, 1994. Freiherr notified the parties in writing of this schedule and informed them of the Panel's duty under IC 27–12–10–13(a) to render an expert opinion within 180 days from February 21, 1994, which was by August 22, 1994.

On March 29, 1994, Gleason's counsel sent a letter to the Panel and to counsel for the Providers, requesting a thirty-day extension for the submission of his evidence. Gleason's counsel did not receive a response. On May 9, 1994, Gleason's counsel again sent a letter to the Panel and the Providers' counsel, requesting another thirty-day extension in order to submit medical evidence. In the letter, Gleason's counsel asked Freiherr to advise him of any objections to his second request for an extension of time. Neither Freiherr nor the Providers objected or replied.

On July 7, 1994, approximately two months after the second requested extension, Gleason's counsel sent Freiherr a third letter stating that she would submit the medical evidence upon receipt of a notarized affidavit from Gleason. After sending this last letter, Gleason's counsel did not submit any medical evidence to the Panel. The deadline for the Panel to render an expert opinion passed on August 22, 1994, without any further correspondence from the parties.

Sixty days after the deadline elapsed, the Providers filed Motions to Dismiss Gleason's Proposed Complaint. The trial court held a hearing to consider the motions, during which time the parties presented evidence concerning the reasons for the Panel's failure to render its expert opinion. The court granted the Motions to Dismiss on January 27, 1995. In doing so, the court stated its Findings of Fact and Conclusions of Law:

> "9. The Plaintiff now argues that he has good cause for not making his submission of evidence as provided in the schedule because he is a twenty year old male living solely on Social Security Disability benefits as a result of the impairment of his right arm, has no permanent

residence and has no financial means to maintain a personal telephone service. He has changed mailing addresses approximately three times in the preceding nine months and has, at times, been unavailable by telephone except by messages left with friends. The plaintiff does not have his own means of transportation but must depend on others for transportation.

> \* \* \* \* \* \*

> "11. The Act mandates that the Medical Review Panel render its expert opinion within 180 days of the selection of the last member of the panel. I.C. 27–12–10–13(a).

> \* \* \* \* \* \*

> "13. The Medical Malpractice Act, Indiana Code 27–12–10–23, provides that a party is subject to mandate or appropriate sanctions for failure to act as required by the Act.

> "14. The Indiana Court of Appeals has held that a medical malpractice action pending before the Department of Insurance may be dismissed if the plaintiff fails to make a submission of evidence to the Medical Review Panel prior to the running of the 180 day period required in I.C. 27–12–10–13(a). *See Blackden v. Kaufman,* 611 N.E.2d 663 (Ind.Ct.App. 1993); *Ground v. Methodist Hospital of Indiana, Inc.,* 576 N.E.2d 611 (Ind.Ct. App.1991); *Galindo v. Christensen,* 569 N.E.2d 702 (Ind.Ct.App.1991)."

*Id.* at 1184–86 (footnote omitted).

In *Gleason,* this court held that the 180–day time frame provided by § 13(a) of the Indiana Medical Malpractice Act (the Act)[1] for the medical review panel to render its opinion is not a statute of limitation nor the functional equivalent of one. In so holding, the court stated:

> We hold today that the Act's 180–day time frame, alone, is neither a statute of limitation, nor the functional equivalent of a statute of limitation. Therefore, if a panel should be unable to comply with IC 27–12–10–13(a) because of plaintiff's failure to

---

1. Ind.Code Ann. § 27–12–10–13(a).

make a timely submission, that does not automatically trigger the imposition of sanctions on either parties or panel members. Instead, the panel must submit an explanation to the commissioner explaining the delay and attempt to expedite the process in a reasonable manner. *See* IC 27–12–10–13(b). The defendant may seek dismissal or other sanction by initiating a court action pursuant to IC 27–12–10–14. *Gleason,* 664 N.E.2d at 1187. This court's decision in *Gleason* was not a departure from earlier decisions of this court involving dismissals for the failure to timely submit evidence to the medical review panel. *Id.* The court in *Gleason* stated in pertinent part:

> [N]othing in this opinion should serve as support for parties or panel members who are dilatory in upholding the letter and spirit of the Act. We recognize that the 180–day time frame for panels to render expert opinions imposes a duty on the parties to submit evidence in accordance with the schedule set by the panel chairman. We further recognize that dismissal of proposed complaints is an appropriate sanction for failure to comply with the provisions in the Act. Courts may not impose sanctions, however, where a party has established good cause.

*Id.* This court in *Gleason* noted that the trial court had acted properly in holding a hearing on the motions to dismiss and in allowing the parties to present evidence. We also noted that the trial court may have acted within its discretion in dismissing Gleason's complaint. Nonetheless, because we could not determine whether the trial court dismissed Gleason's complaint because Gleason had not established good cause for failing to submit his medical evidence or in the belief that the Act mandated dismissal upon the expiration of the 180–day period provided by § 13(a), we remanded the case to the trial court with instructions to determine whether Gleason had established good cause for his failure to make a timely submission. *Id.*

On remand, the trial court expressly concluded that Gleason had failed to establish good cause for his failure to make a timely submission to the medical review panel. Gleason now appeals from the trial court's December 20, 1996 order granting defendants' motions to dismiss his complaint.

Gleason claims that the trial court erred in dismissing his complaint for three reasons: 1) the trial court did not comply with this court's instructions on remand when it merely added a conclusion of law based upon the same findings of fact; 2) the trial court's conclusion that Gleason failed to show good cause is not supported by the evidence and findings of fact; and 3) under the facts of this case, the trial court abused its discretion in concluding that Gleason had failed to show good cause for not submitting his evidence to the medical review panel within 180 days of the formation of the panel. Gleason's claims are without merit. The trial court properly complied with this court's instructions that it determine whether Gleason had established good cause for failure to make a timely submission to the medical review panel, and its conclusion that Gleason failed to show good cause is supported by the evidence and findings of fact and does not constitute an abuse of discretion.

It is well settled that the Act specifically provides the trial court with the authority to impose appropriate sanctions, including dismissal of a proposed complaint, upon a party who, without good cause shown, fails to act in the manner required by the Act. *Gleason,* 664 N.E.2d 1183; *Jones v. Wasserman,* 656 N.E.2d 1195 (Ind.Ct.App. 1995), *trans. denied; Rivers v. Methodist Hosps., Inc.,* 654 N.E.2d 811 (Ind.Ct.App. 1995). In exercising its discretion and determining sanctions for a party's failure to comply with the Act, the trial court may appropriately consider, among other things, whether the failure was intentional or contumacious and whether prejudice resulted. The choice of sanctions is a matter within the discretion of the trial court, and we will review a trial court's exercise of discretion in this regard for an abuse of discretion. *Beemer v. Elskens,* 677 N.E.2d 1117 (Ind.Ct. App.1997), *trans. denied; Rivers,* 654 N.E.2d 811; *Galindo v. Christensen,* 569 N.E.2d 702 (Ind.Ct.App.1991).

An abuse of discretion occurs only where the trial court's decision is against the

logic and effect of the facts and circumstances before the court. *Benton v. Moore,* 622 N.E.2d 1002 (Ind.Ct.App.1993). When reviewing a trial court's decision under an abuse of discretion standard, we will affirm if there is any evidence supporting the trial court's decision. *Id.*; *Beemer,* 677 N.E.2d 1117 (Chezem, J., dissenting).

We are unpersuaded by Gleason's claim that this court's decision in *Beemer* requires that we find an abuse of discretion in this case. While *Beemer* set forth the correct standard upon which to review a trial court's decision to dismiss a proposed medical malpractice complaint, we do not agree with the majority's application of the standard in that case. Rather than merely making a determination whether the trial court's decision was against the logic and effect of the facts and circumstances before the court and whether there was any evidence in support of the trial court's decision, it appears the majority in *Beemer* engaged in a reweighing of the evidence presented to the trial court and concluded that the trial court erred in dismissing the Beemers' proposed complaint.

Second, *Beemer* is distinguishable and does not compel a different result in this case. In *Beemer,* the plaintiff submitted his evidence to the medical review panel just 5 days after the 180–day period provided in IC § 27–12–10–13(a) expired. Here, Gleason never submitted any evidence to the review panel even though defendants did not file their petition to invoke the jurisdiction of the court and their motions to dismiss the proposed complaint until at least 2 months after the 180–day period expired.[2] In addition, in *Beemer,* the plaintiff's failure to timely submit evidence to the review panel was attributable to his attorney's staffing and scheduling problems and not due, as here, to plaintiff's failure to execute his own affidavit. Finally, in *Beemer,* this court determined that the chairman's response to the plaintiff's request for additional time

amounted to an implicit extension of time. Here, the panel's failure to respond in any manner to Gleason's two requests for extensions of time and to the letter sent by Gleason's counsel to the chairman advising that the medical evidence would be submitted upon receipt of Gleason's notarized affidavit cannot be construed as an implicit and indefinite extension of time in which to submit evidence to the panel. *Beemer* does not provide a basis for reversal of the trial court's exercise of discretion in this case.

Finally, we are troubled by Gleason's claim that the defendants did not fulfill their responsibility under the Act because they merely waited for Gleason to submit his evidence to the panel and did not "contact [Gleason] or the panel chairman [to] determine the cause for the delay and take action to speed it up." Appellant's Reply Brief at 4. It is not a defendant's duty to prosecute a plaintiff's case. *Rivers,* 654 N.E.2d 811.

Judgment affirmed.

SULLIVAN and BARTEAU, JJ., concur.

---

2. We recognize that, upon the filing of a proposed complaint with the clerk of the court, all proceedings before the medical review panel are automatically stayed until the court has entered a ruling. Ind.Code Ann. § 27–12–11–4 (West Supp.1997). Nonetheless, even though Gleason's initial submission was due April 4, 1994, he did not submit any evidence before the 180–day period expired on August 22, 1994 or during the period between August 22, 1994 and October 31, 1994, the date defendants filed their petition to invoke jurisdiction of the court and their motion to dismiss.