



**FILED**

Jul 28 2025, 8:32 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Dewight Allen,

*Appellant-Plaintiff*

v.

Anonymous Physician,
Anonymous Provider 1, and
Anonymous Provider 2,

*Appellees-Defendants*

---

July 28, 2025

Court of Appeals Case No.
24A-CT-2260

Appeal from the Allen Superior Court

The Honorable Craig J. Bobay, Judge

Trial Court Cause No.
02D02-2202-CT-63

---

**Opinion by Chief Judge Altice**
Judge Tavitas concurs.
Judge Brown dissents with separate opinion.


**Altice, Chief Judge.**


## Case Summary

[1] Dewight Allen received medical care from Anonymous Providers 1 and 2 and Anonymous Physician 1 (collectively, Providers) and subsequently submitted a proposed complaint for medical malpractice with the Indiana Department of Insurance (DOI) and filed a complaint in the trial court. After Providers failed to timely make an evidentiary submission to the medical review panel (the Panel), Allen filed in the trial court a petition for a preliminary determination of law (Petition), seeking a default judgment as a sanction for Providers' alleged violations of Indiana's Medical Malpractice Act (MMA). Allen appeals the trial court's denial of his Petition and asserts that the denial was an abuse of discretion.

[2] We affirm.

## Facts & Procedural History

[3] On June 1, 2020 and thereafter, Allen received medical care and treatment from Providers. On February 7, 2022, he submitted a claim for medical malpractice with the DOI and, the next day, filed a complaint in the trial court.[1]

[4] On May 3, 2022, Allen requested the formation of a medical review panel. Utilizing a striking process, the parties selected Matthew Shipman as Panel Chairperson on July 22, 2022. On July 28, Shipman wrote to counsel for both parties and provided them with the procedures to follow for submissions.

[5] On October 26, 2023, Shipman notified the parties by letter and email that the Panel had been formed and that the DOI commissioner had certified it. Shipman set the following submission schedule: December 1, 2023 for Allen, January 1, 2024 for Providers, February 1 for Allen's rebuttal, and March 1 for Providers' replies if any. Shipman advised that "if the above dates are inappropriate" to reach out to him. *Appendix* at 56. Allen timely tendered his submission to Shipman on December 1, 2023. Providers did not file a submission on January 1, 2024, or request an extension of time.

[6] On March 26, 2024, Providers' counsel emailed Allen's counsel about an upcoming joint status report due to the trial court, suggesting that the joint report state:

---

[1] The trial court proceeding was stayed pending the completion of the Panel process.

> **The parties continue to work on the selection of the medical review panel** and the preparation of their evidence of the medical review panel's deliberation. The parties propose that a new status conference be scheduled for a date six to nine months from now.

*Id*. at 66 (emphasis added). Allen's counsel responded minutes later reminding that "the panel has been formed since 10/25/23" and that Allen had "served [his] submission on 12/1/23 per the deadline established." *Id*. The next day, the parties filed the following joint status report with the court:

> Plaintiff has made his submission to the medical review panel; **Defendants are in the process of completing their submission to the medical review panel**. The parties would anticipate the panel rendering its opinion in this matter before the end of 2024.

*Id*. at 67 (emphasis added).

[7] On April 19, 2024, Shipman emailed counsel for both parties that "the suggested submission schedule is now far past due and we are yet to receive [Providers'] submission." *Id*. at 68. Shipman requested it by May 1, 2024.

[8] On May 20, 2024, Shipman sent a letter and corresponding email to counsel for both parties:

> Our file reflects that [Providers'] submission was due January 1, 2024, and then a second notice was sent requesting the submission by May 1, 2024. To date, we haven't received same. Let's set one final date of June 14, 2024 for [Providers] to provide their submission.
>
> If the above date is unreasonable, we need to know immediately.

*Id*. at 69.

[9] That same day, May 20, Allen filed his Petition seeking a preliminary determination of law pursuant to Ind. Code § 34-18-11-1,[2] requesting a default judgment against Providers for their failure to timely tender their submission to the Panel. Allen argued that Providers' submission was more than five months overdue from the original January 1, 2024 deadline, "is currently three weeks overdue from the most recent extension granted by [Shipman]," and was "without explanation or excuse[] and far past the [MMA's] 180-day deadline for the [] Panel to issue its opinion."[3] *Id.* at 34.

[10] In his Petition, Allen highlighted MMA provision I.C. § 34-18-0.5-1, providing, in part, that "[t]he general assembly emphasizes, to the parties, the courts, and the medical review panels, that adhering to the timelines set forth in this article is of extreme importance in ensuring the fairness of the medical malpractice act." Allen also cited to the provision concerning sanctions:

---

[2] The statute provides, in part:

> A court having jurisdiction over the subject matter and the parties to a proposed complaint filed with the commissioner under this article may, upon the filing of a copy of the proposed complaint and a written motion under this chapter, do one or both of the following:
>
> > (1) preliminarily determine an affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure; or
> >
> > (2) compel discovery in accordance with the Indiana Rules of Procedure.

I.C. § 34-18-11-1(a).

[3] Pursuant to I.C. § 34-18-10-13(A), the Panel opinion was due 180 days after the formation of the Panel on April 23, 2024.

> A party, attorney, or panelist **who fails to act as required by this chapter without good cause shown is subject to mandate or appropriate sanctions** upon application to the court designated in the proposed complaint as having jurisdiction.

I.C. § 34-18-10-14 (emphasis added). Allen pointed out that caselaw has established that dismissal of the underlying proceedings is a permissible sanction for a plaintiff's failure to submit evidence as scheduled and that "such sanctions against Plaintiffs [] support the availability of an equally strong sanction against dilatory Defendants in the form of a Default Judgment." *Appendix* at 31. Allen argued that Providers' "blatant misconduct and disregard of statutory deadlines . . . and [Providers'] own reassurances and commitments justifies the entry of a default judgment on the issue of liability" as a sanction. *Id*. at 34.

[11] Four days later, on May 24, Providers tendered their submission to the Panel.

[12] On June 4, Providers filed a verified motion in opposition to Allen's Petition. After first noting the complexity of Allen's medical negligence case, counsel for Providers acknowledged that, up until March 26, he was "under the misunderstanding" that the Panel had yet to be selected. *Id*. at 72. Counsel represented that, upon correction of this inaccuracy, he began preparing Providers' submission, advising the court that he was also drafting at least five other submissions around this same time. *Id*. at 73. Providers argued that the facts demonstrated that the delay in their submission was not intentional, that no prejudice resulted to Allen, and that default judgments are disfavored under

Indiana law, suggesting that "the best, fairest, and most proper path forward" would be denial of Allen's Petition and release of this matter back to the Panel.[4] *Id.* at 74.

[13] A hearing was held on Allen's Petition on June 27, 2024. Allen's counsel argued that Allen had lost time, was prejudiced, and that the appropriate sanction was a default judgment against Providers just as appellate cases have upheld the dismissal of a plaintiff's case for failure to follow MMA timelines.

[14] Initially, counsel for Providers argued that "this deadline passed without much management from [Shipman]," who he suggested was not a seasoned panel chairperson – a circumstance he argued was "created by [] Allen" because, rather than agreeing to a chairperson, Allen chose to pursue a striking panel. *Transcript* at 13. Providers' counsel later acknowledged to the court his "misunderstanding" and erroneous belief that "we were still waiting for panel formation and for [Allen]'s submission." *Id.* at 16. The court observed, "I don't know what was going on with your practice in this case, but this is unlike you," later pressing counsel "[h]ow did that happen?" *Id.* at 12, 16. Counsel responded:

> There was no question about it. Sometimes mail comes in and
> the way that we have our intake set up is that it gets scanned, it

---

[4] Allen filed a twenty-page reply, attaching over sixty pages of exhibits – largely compilations of medical malpractice lawsuit data from prior years concerning average time between complaint and issued opinion and between formation of panel and opinion. The trial court struck Allen's reply as defective for not being in compliance with page length limitations provided in local rules.

gets preserved, and then it gets circulated to us. I don't know if [it]had to do with the holidays. I don't know, Your Honor. But what I do know is that once I realized that, I put the submission [] on the front burner. . . . What I would say is that I professionally and personally regret that this case was delayed and admit most of that, almost of all of it, sits on my desk. What I humbly submit to this Court is that the circumstances of this case and this timeline does not warrant a default judgment[.]

*Id.* at 16-17. Providers' counsel pointed out that their submission was tendered twenty-three days after the May 1 deadline, courts are given significant discretion in what is an appropriate sanction under a given set of circumstances, and "there are no cases in which a defendant has been defaulted as a sanction under timeliness." *Id.* at 13.

[15] Counsel for Allen argued that the MMA's timelines are routinely not met by defendant healthcare providers and urged, "We've gotta (sic) have help from the Courts if we're going to hold the defendants to this 180-day timeframe, because they take the position as they do here, well what are you going to do to us. You can't default us." *Id.* at 20. When the trial court inquired of Allen whether he was seeking any other sanction besides default, counsel replied that "there is no alternative relief that gives our time back" or properly enforces the timeframe provided for by the MMA. *Id.* at 21. The trial court took the matter under advisement.

[16] On July 11, 2024, the trial court issued an order denying Allen's Petition. The trial court recognized that Providers tendered their submission to the Panel almost five months after the original deadline set by Shipman and seven months

after the Panel was formed, but found Providers' counsel was "credible" in his explanation for the delay – i.e. that he was under "a misunderstanding" up until March 26, 2024 that the Panel had not yet been formed. *Appendix* at 15. The court observed that, after becoming aware of the Panel's formation, counsel for Providers submitted the evidentiary submission to the Panel within two months, and within the final time extension granted by Shipman. The court concluded that, given "the misunderstanding as well as efforts taken after its correction," good cause existed for the delay. *Id*. at16. The court continued that, even if it did not find that good cause existed,

> an appropriate sanction or mandate falls within the Court's discretion. . . . Here, the facts and circumstances of the delay, as well as the fact that the evidentiary submission has actually now been filed, do not justify imposing the extreme sanction of default judgment[.][5]

*Id*. at 17.[6] The court "strongly encourage[d]" Shipman to expedite the remaining portions of the Panel process. *Id*.

[17]   On July 19, Allen filed a motion for final judgment asking that the July 11 order be a final judgment with no just reason for delay pursuant to Ind. Trial Rule

---

[5] The court noted that, at the hearing, Allen's counsel expressly confirmed that Allen was not asking for any other sanction, such as a monetary award of attorney fees.

[6] The trial court also determined, "As to the constitutionality issues raised in Plaintiff's reply, the brief was stricken under Allen County Local Civil Rules[.] However, Allen's argument in this regard is unconvincing." *Id*.

54(B), which motion the trial court granted over Providers' opposition. Allen now appeals.

## Discussion & Decision

[18] Allen asserts that the trial court had "a statutory duty to default [Providers] as a sanction for dilatory conduct pursuant to the MMA." *Appellant's Brief* at 15. As Allen points out, in 2017, our legislature amended the MMA to add I.C. § 34-18-0.5-1, pertaining to the importance of adhering to MMA timelines. It provides:

> The general assembly emphasizes, to the parties, the courts, and the medical review panels, that adhering to the timelines set forth in this article is of extreme importance in ensuring the fairness of the medical malpractice act. Absent a mutual written agreement between the parties for a continuance, all parties subject to this article, and all persons charged with implementing this article, including courts and medical review panels, shall carefully follow the timelines in the article. No party may be dilatory in the selection of the panel, the exchange of discoverable evidence, or in any other matter necessary to bring a case to finality, and the courts and medical review panels shall enforce the timelines set forth in this article so as to carry out the intent of the general assembly.

[19] I.C. § 34-18-10-14 provides the statutory authority for sanctions under the MMA and provides, in relevant part, that a party or attorney who fails to act as required without good cause shown "is subject to mandate or appropriate sanctions." One of the ways one can fail to perform under the MMA is by failing to promptly submit its written evidence to the Panel for consideration.

*See* I.C. § 34-18-10-17 (requiring that "[t]he evidence in written form to be considered by the [Panel] shall be promptly submitted by the respective parties").

[20]     Although this case involves Allen's request for imposition of sanctions upon Providers, we find the standard of review we have applied in reviewing sanctions imposed upon a patient-plaintiff to be equally applicable:

> Whether a plaintiff should be sanctioned for his failure to submit evidence to the [Panel] in a timely manner is a question of law and fact that may be preliminarily determined by the trial court in the exercise of its discretion after a hearing. *Galindo v. Christensen*, 569 N.E.2d 702, 705 (Ind. Ct. App. 1991). In other words, **decisions as to whether to dismiss a proposed complaint under the [MMA] are reviewed for an abuse of discretion**. *Beemer v. Elskens*, 677 N.E.2d 1117, 1119 (Ind. Ct. App. 1997), *trans. denied*. An abuse of discretion exists when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*. at 1120.[7]

*Mooney v. Anonymous M.D*. 4, 991 N.E.2d 565, 575-76 (Ind. Ct. App. 2013), *trans. denied* (emphasis added).

---

[7] As persuasive authority, we recognize *Casada v. Anonymous Physician, et al.*, No. 24A-CT-593 (Ind. Ct. App. Aug. 12, 2024) (mem.), where, like Allen, a medical malpractice plaintiff sought a preliminary determination of law and default judgment against the medical providers for failure to timely provide their submission to the Panel. The plaintiff appealed the trial court's denial of his request for a default judgment, and, applying an abuse of discretion review, we affirmed. Our Supreme Court denied transfer in January 2025.

We have recognized that, in exercising discretion as to what sanctions, if any, should be imposed when a party fails to comply with the MMA, "the trial court should consider whether the breach of duty was intentional or contumacious and whether prejudice resulted." *Id.* at 576 (citing *Rivers v. Methodist Hosp., Inc.*, 654 N.E.2d 811, 815 (Ind. Ct. App. 1995)). We further observe that Allen is seeking a default judgment against Providers and, default judgments are generally disfavored under Indiana law. *See*, *e.g.*, *Coslett v. Weddle Bros. Const. Co.*, 798 N.E.2d 859, 862 (Ind. 2003) (recognizing disfavor of default judgments and preference for disposition of cases on their merits); *Beemer,* 677 N.E.2d at 1119 (recognizing that "dismissal or default is obviously more drastic and severe than other available sanctions" and "the imposition of these sanctions is appropriate only under limited circumstances or in extreme situations").

Here, Providers maintain that their failure to timely tender their submission to the Panel was the result of counsel's "inaccurate belief" that the Panel had not yet been formed. *Appellees' Brief* at 6. Although Providers' counsel was not able to provide a definitive explanation at the hearing as to how or why this "misunderstanding" occurred, other than speculating it may have been due to holidays or an internal mail system issue, he took responsibility for the error, expressed regret, and stated that he thereafter "put the submission [] on the front burner." *Transcript* at 16. In its order, the trial court found that counsel's explanation for the delay was "credible." *Appendix* at 15. Allen argues that "it is beyond the scope of credibility" to accept that Providers inadvertently failed to appropriately calendar the submission schedule and "neglected to verify the

schedule after service of Allen's submission." *Appellant's Brief* at 16, 19. However, exercising its discretion, the trial court thought otherwise and was persuaded that Providers' failure to timely tender their submission was not the result of intentional conduct and did not warrant the extreme sanction of default. In so doing, the court noted that Providers did in fact tender their submission to the Panel on May 24, twenty-three days after the May 1 deadline and before reaching the end of Shipman's most recent extension to June 14, 2024.

[23] We are not unsympathetic to Allen's frustration with Providers' untimeliness in this case. Indeed, even after being advised on March 26, 2024 by Allen's counsel that the Panel had been formed months prior, and that Allen had already provided his submission, Providers' counsel still never communicated regarding status, either to Allen or to Shipman, such that the extended May 1 date came and went with no update. Some degree of communication likely would have gone a long way to improve matters. That said, we cannot say on the specific record before us that the trial court's decision to decline Allen's request to enter the extreme sanction of a default judgment against Providers was an abuse of discretion.[8]

---

[8] Allen also argues that portions of the MMA as applied violate Article 1, Sections 12 and 23 of the Indiana Constitution by delaying plaintiffs/patients' access to the court system due to defendants' untimely submissions to the Panel and inequitably imposing sanctions for failure to comply with MMA timelines upon plaintiffs but not against defendants. Allen's constitutional claims are not properly before us as he raised them to the trial court for the first time in his reply to Providers' opposition to his Petition, and the trial court struck that reply as not in compliance with local rule. Allen does not assert that such was error.

Judgment affirmed.

Tavitas, J., concurs.

Brown, J., dissents with separate opinion.

ATTORNEYS FOR APPELLANT

Michael E. Simmons
Hannah K. Brady
Indianapolis, Indiana

ATTORNEY FOR APPELLEES

Benjamin D. Ice
Fort Wayne, Indiana

**Brown, Judge, dissenting.**

I respectfully dissent from the majority's decision to affirm the trial court's judgment denying Allen's request for a default judgment. Counsel for Providers did not meet his burden to show good cause for his repeated and ongoing failure to provide a timely submission to the medical review panel and default is an appropriate sanction.

Ind. Code § 34-18-10-14 provides that a "party, attorney, or panelist who fails to act as required by this chapter without good cause shown is subject to mandate or appropriate sanctions upon application to the court designated in the proposed complaint as having jurisdiction." This Court has noted that "[s]everal sections" of the MMA "require action," and "the failure to take action under any of these sections may be grounds for relief under [Ind. Code §] 34-18-10-14." *Adams v. Chavez*, 874 N.E.2d 1038, 1043 (Ind. Ct. App. 2007) *clarified on reh'g*, 877 N.E.2d 1246. One requirement is, if the chairperson establishes a schedule for submission of evidence under Ind. Code § 34-18-10-3(c), the parties must comply with that schedule. *Galindo v. Christensen*, 569 N.E.2d 702, 705 (Ind. Ct. App. 1991) ("Implicit in [Ind. Code § 34-18-10-3(c)] is the corresponding duty upon the parties to comply with the schedule, if one is set by the chair. . . .").

Although already set out in the majority opinion, the facts pertinent to what I view to be Providers' counsel's inexcusable dilatory behavior and failure to act bears repeating. On October 26, 2023, Panel Chairperson Shipman notified the

parties by both email and letter that the medical review panel had been formed and certified, and submission deadlines were set. On December 1, 2023, Allen timely filed his submission to the panel. On March 26, 2024, after Providers' counsel emailed an erroneous proposed joint status entry to Allen's counsel, Providers' counsel was immediately (within minutes) reminded that the panel had been formed six months earlier and that Allen had timely filed his submission per the deadline established. On April 19, 2024, Shipman emailed counsel for both parties that the submission schedule was "far past due" with still no submission by Providers, requesting communication from Providers as to status, and setting another deadline of May 1, 2024. Appellant's Appendix Volume II at 68. The 180-day deadline for the panel to issue its opinion expired on April 23, 2024. On May 20, 2024, Shipman sent a letter and corresponding email setting a final submission date of June 14, 2024. As I count it, Providers' counsel received at least five clear and unequivocal notices of his responsibility to tender a submission on behalf of Providers, but it took Allen's petition seeking a preliminary determination of law requesting a default judgment to finally grab counsel's attention. Prior to this, Providers' counsel not only missed repeated and extended deadlines, but he also wholly failed to communicate with Allen or Shipman regarding these failures or the status of the case despite multiple requests and opportunities to do so.

[4] During the sanctions hearing, Providers' counsel cited his "misunderstanding" that the medical review panel had not yet been formed as an excuse for failure to meet the original submission deadline. Transcript Volume II at 16.

However, the record demonstrates that Providers' counsel received notice of both the panel formation and Allen's timely submission, yet months went by with still no submission by Providers. Providers' counsel also tried to blame his failure on Allen's counsel for exercising his right to strike the original panel chairperson and further pointed fingers at Shipman for not being a "seasoned" chairperson and letting the panel's opinion deadline pass "without much management." *Id.* at 13. I fail to see any correlation between those alleged facts and counsel's numerous failures that followed. Finally, Providers' counsel suggested that "the holidays" or his office's mail scanning procedures could be to blame, *id.* at 16, but none of this makes any sense in view of the timing of his continuing dereliction of duties as well as the multiple direct email communications he received regarding case status. Significantly, when pressed by the trial court, Providers' counsel admitted that he had no real explanation for his behavior in delaying the case, admitting that "most" if not "all of" the blame fell to him. *Id.* at 17.

[5] The majority relies on our memorandum decision in *Casada v. Anonymous Physician, et al.*, No. 24A-CT-593, 2024 WL 3756166 (Ind. Ct. App. Aug. 12, 2024), *trans. denied*, as persuasive authority for affirming the trial court. The *Casada* panel affirmed the trial court's denial of a medical malpractice plaintiff's petition for default judgment against a healthcare defendant for failure to submit evidence to the medical review panel in a timely manner. However, *Casada* is distinguishable in many respects to the current case as, unlike Allen, the plaintiff in *Casada* also failed to provide a timely submission to the medical

review panel. Moreover, there was evidence that the plaintiff in *Casada* played a role in additional delays that occurred due to his failure to provide readable radiology records to the healthcare provider defendants. Finally, the plaintiff in *Casada* made no allegation that the defendant's delays caused him any prejudice, and while recognizing that in the context of cases where noncompliance with the MMA is alleged, it is not absolutely necessary to establish prejudice, the *Casada* panel noted that the plaintiff's "failure to allege any prejudice, much less establish any, undercuts his claim of an abuse of discretion by the trial court." 2024 WL 3756166 at * 4. Here, Allen's counsel argued that Allen had lost a considerable amount of time and was prejudiced by Providers' repeated submission delays. In short, I find *Casada* distinguishable and its reasoning inapposite to the instant case.

[6] As argued by Allen at the trial court level, the MMA's timelines are routinely not met by defendant healthcare providers, and medical malpractice plaintiffs need help from the courts to ensure "the fairness of the medical malpractice act" and its mandate that "all parties" "shall carefully follow the timelines in this article" and that "[n]o party may be dilatory" as to the adherence to the timelines set forth. Ind. Code § 34-18-0.5-1. The Indiana Supreme Court very recently reiterated that one of the MMA's primary goals is to "to foster prompt litigation" and that the statutes governing the review panels impose strict deadlines to "facilitate that goal." *Bojko v. Anonymous Physician*, 232 N.E.3d 1155, 1158 (Ind. 2024). I agree with Allen that it is unfair that our courts are quick to strictly hold plaintiffs accountable for their failures to adhere to

evidentiary submission schedules but are reluctant or unwilling to hold defendant healthcare providers accountable for those same failures. *See, e.g., Quillen v. Anonymous Hosp.*, 121 N.E.3d 581, 587 (Ind. Ct. App. 2019) (affirming dismissal of plaintiff's complaint and concluding that personal representative failed to demonstrate good cause for the untimely submission of materials to medical review panel; although personal representative alleged that her counsel had family matters that prevented him from giving full attention to the case, personal representative did not highlight those matters at any point after panel was certified and only made such claims in response to motion to dismiss her claims, and she failed to explain why counsel was unable to even send an email to the panel or opposing counsel regarding the situation), *trans. denied*; *Reck v. Knight*, 993 N.E.2d 627, 634-635 (Ind. Ct. App. 2013) (affirming dismissal of plaintiff's complaint and concluding that plaintiff failed to demonstrate good cause for failing to timely file evidentiary submission with medical review panel; plaintiff's counsel did not file the submission by the deadline or request an extension, he did not respond to the chairman's letter requesting an approximate date that he believed he would tender plaintiff's submission, and he did not reach out to defendants' counsel requesting an extension), *trans. denied*; *Adams,* 874 N.E.2d at 1044 (collecting cases sanctioning plaintiffs with dismissal of claims for failure to comply with evidentiary submission schedule set by medical review panel).

[7] The plaintiffs' failure to act without good cause in the above-cited cases is no different than Providers' failure here, yet those plaintiffs were sanctioned with

dismissal of their claims. Indeed, in pleading his case against default to the trial court, Providers' counsel argued that "there are no cases in which a defendant has been defaulted as a sanction under timeliness." Transcript Volume II at 13. Healthcare provider defendants will continue to thumb their noses at the statutory requirements until and unless they are shown they will also be sanctioned appropriately for such behavior. In this case, Providers' counsel made no showing of good cause for his failure to act as statutorily required. Indeed, in declining to sanction Providers, it appears that the trial judge, who had some familiarity with Providers' counsel, may have confused credibility as to counsel's lack of intentionality with a showing of good cause. In any event, in addition to the lack of evidence of good cause, I am not persuaded that Providers' counsel's cavalier disregard for the statutory timelines and complete lack of communication regarding case status can be legitimately accepted as anything other than intentional or contumacious conduct. Accordingly, I believe the trial court's decision denying Allen's request for a default judgment is clearly against the logic and effect of the facts and circumstances before it or the reasonable, probable, and actual deductions to be drawn therefrom.

[8] For the foregoing reasons, I would reverse and remand for the entry of a default judgement on the issue of liability in favor of Allen.