## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 13 2015, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

| APPELLANT *PRO SE* | ATTORNEY FOR APPELLEE |
|---|---|
| Robert Middleton | Matthew A. Burkert |
| Lizton, Indiana | Danville, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Middleton, | February 13, 2015 |
| *Appellant-Respondent,* | Court of Appeals Cause No. 32A01-1410-DR-431 |
| v. | Appeal from the Hendricks Superior Court |
| | The Honorable David H. Coleman, Special Judge |
| Paula Pyatte, | Cause No. 32D02-1401-DR-58 |
| *Appellee-Petitioner.* | |

**Bradford, Judge.**

# Case Summary

[1] Appellant-Respondent Robert Middleton and Appellee-Petitioner Paula Pyatte (collectively "the parties") are divorced. A protracted litigation has ensued over the past four years to determine custody and parenting time arrangements regarding the parties' minor child ("the child"). On September 22, 2014,

Middleton was found in contempt for a second time for failure to pay child support. Middleton appeals the trial court's order holding him in contempt. Pyatte alleges that Middleton's appeal is frivolous, was pursued in bad faith, and violates the Indiana Rules of Appellate Procedure. We affirm the trial court's order and remand with instructions to determine Pyatte's appellate attorney's fees.

## Facts and Procedural History

On January 14, 2010, the parties' marriage was dissolved and the trial court issued orders on custody, parenting time, and child support. On April 22, 2011, Middleton requested a level II parenting time coordinator, which was granted by the trial court. Pyatte and Middleton filed competing motions to modify custody on September 22, 2011 and October 4, 2011, respectively. The trial court issued a custody order dated October 1, 2012 and appointed a level III parenting coordinator.

On January 3, 2013, Pyatte filed a motion requesting that Middleton show cause for failure to pay child support and not cooperating with the court ordered parenting time coordinator. A hearing on the motion was set for March 7, 2013. Middleton filed and received a continuance postponing the hearing until June 24, 2013. On June 4, 2013, Pyatte filed a motion requesting a modification of custody and to appoint a guardian *ad litem* ("GAL"). On July 1, 2013, the trial court conducted the hearing on the issue of non-payment of child support and, in a subsequent order, appointed a GAL, found that

Middleton was in arrears on his child support payments in the amount of $2270.00, held him in contempt, and set a hearing on the modification of custody for October 17, 2013. After Middleton filed a motion for continuance, the hearing on modification was reset for January 23, 2014.

[4] On December 3, 2013, Pyatte filed a motion to compel Middleton to comply with discovery. On December 16, 2013, the GAL requested that Middleton undergo a psychological evaluation in advance of the January 23, 2014 hearing. After a hearing addressing the motion to compel discovery and the request for evaluation, the trial court ordered Middleton to comply with discovery but denied the psychological evaluation request so as not to delay the modification hearing.

[5] On December 24, 2013, Middleton took the child in violation of the parenting time schedule and filed an emergency motion for sole protective child custody, which the trial court denied. On December 27, 2013, Pyatte filed a motion requesting that Middleton show cause for violating the parenting time schedule and requesting law enforcement assistance to enforce the parenting time schedule. On January 3, 2014, the trial court conducted an emergency hearing and ordered Middleton to return the child to Pyatte. Following the January 3, 2014 hearing, Middleton filed a request for change of judge. On January 10, 2014, the parenting time coordinator filed a notification of withdrawal due to "the absence of Mr. Middleton's good faith and involvement in the process." Appellee's App. p. 74.

[6] On January 17, 2014, the trial court judge, Mark A. Smith, recused himself and vacated the January 23, 2014 modification hearing. In his final order, Judge Smith noted the reasons for his recusal including that Middleton had made impliedly threatening statements and repeated allegations that Judge Smith, the GAL, the parenting time coordinator, and the attorneys had engaged in unethical and unlawful conduct. On January 29, 2014, Special Judge David H. Coleman was randomly selected and assigned to this case. On February 18, 2014, the trial court reset the modification hearing for April 25, 2014. Between April 17, and September 26, 2014, Middleton filed nine motions for continuance resulting in the modification hearing ultimately being rescheduled for December 3, 2014.

[7] On June 11, 2014, Pyatte filed a motion requesting Middleton to show cause for nonpayment of child support and failure to reimburse unpaid medical bills. On August 8, 2014, the GAL filed, and the trial court granted, a renewed request for Middleton to undergo a psychological evaluation citing the fact that "[Middleton's] allegations have turned from calm and matter-of-fact to hostile and irrational." Appellant's App. p. 131. On September 18, 2014, the trial court held a hearing on the issues of child support and unpaid medical expenses and subsequently issued an order holding Middleton in contempt. The trial court found that Middleton had failed to pay $330.26 of the child's medical expenses and had not made any child support payments since October 16, 2013 and was in arrears in the amount of $6431.00.

On September 29, 2013, the GAL withdrew from the case due to allegedly defamatory statements made by Middleton who claimed that there is an "ongoing criminal conspiracy by Judge David H. Coleman [], Judge Mark A. Smith [], [Appellee's counsel], and attorney/GAL Kathryn M. Kuehn[]," who "are in collusion against [Middleton]." Appellee's App. pp. 150, 152. On October 6, 2014, Special Judge Coleman recused himself and vacated the October 20, 2014 modification hearing. On October 9, 2014, Middleton appealed the trial court's order of contempt.

# Discussion and Decision

## I. Order on Petition for Contempt

Middleton argues that the trial court's order finding him in contempt was unlawful in that it provided for a punishment–imprisonment–which is not permitted under Indiana law. To support this argument, Middleton cites to Indiana Code section 31-16-12-6 which provides that a trial court may order a party found in contempt for failure to pay child support to "(1) perform community restitution or service without compensation in a manner specified by the court; or (2) seek employment." However, Middleton misinterprets the statute as providing the only permissible remedial measures available to a trial court. In Indiana, imprisonment is a proper punishment for contempt in failing to make child support payments so long as the contempt order provides the recalcitrant party with an opportunity to purge himself of contempt by

complying with the order. *Marks v. Tolliver*, 839 N.E.2d 703, 707 (Ind. Ct. App. 2005).

[10] The trial court's order for contempt provided Middleton with an opportunity to purge himself by complying with the order. "The court stays the execution of the sentence upon the condition that the respondent pay the petitioner for past due child support in the amount of $6,431.00 and $330.26 for uninsured medical expenses within 45 days…." Appellant's App. p. 153. As such, the trial court was within its discretion to impose imprisonment as a penalty for non-payment.

[11] Middleton also argues that the contempt order was not supported by sufficient evidence. "We defer to the trial court's findings of fact unless they are clearly erroneous, and we will not reweigh the evidence." *Robinson v. State*, 5 N.E.3d 362, 365 (Ind. 2014) (citing *Campos v. State*, 885 N.E.2d 590, 596 (Ind. 2008)). Middleton contends that he is financially unable to make the payments required by the order. "Contempt is not appropriate unless the parent has the ability to pay the support due and his failure to do so was willful." *Pettit v. Pettit*, 626 N.E.2d 444, 448 (Ind. 1993). However, the court did address this contention in its order as follows:

> The respondent stated that he cannot afford to pay child support because he has to run ads for his business, pay for day-care expenses for [the child] and pay for karate lessons for [the child]. However, he admitted that he has run no ads during 2014, that he is not paying for day-care for [the child], and his mother ([the child's] grandmother) has paid for karate lessons. The respondent stated that he needs child support modified. The respondent did not submit any profit and loss

statements, bank account statements or any other evidence concerning his business income. The court could find no pleading filed by the respondent requesting a modification of child support since [summer of 2013].

Appellant's App. p. 152. In light of this, Middleton is essentially asking this court to reweigh the evidence, which we will not do. *Robinson*, 5 N.E.3d at 365.

# II. Attorney's Fees

[12] Pyatte claims that she is entitled to attorney's fees pursuant to Indiana Appellate Rule 66(E). "A strong showing is required to justify an award of appellate damages and the sanction is not imposed to punish mere lack of merit but something more egregious." *Ballaban v. Bloomington Jewish Cmty., Inc.*, 982 N.E.2d 329, 340 (Ind. Ct. App. 2013).

> Our discretion to award attorney fees under Indiana Appellate Rule 66(E) is limited, however, to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. Additionally, while Indiana Appellate Rule 66(E) provides this Court with discretionary authority to award damages on appeal, we must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal.
>
> Indiana appellate courts have formally categorized claims for appellate attorney fees into "substantive" and "procedural" bad faith claims. To prevail on a substantive bad faith claim, the party must show that the appellant's contentions and arguments are utterly devoid of all plausibility. Procedural bad faith, on the other hand, occurs when a party flagrantly disregards the form and content requirements of the rules of appellate procedure, omits and misstates relevant facts appearing in the record, and files briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court. Even if the appellant's conduct falls short of that which is "deliberate or by design," procedural bad faith

can still be found.  Finally, we note that even *pro se* litigants are liable for attorney's fees when they disregard the rules of procedure in bad faith.

*Thacker v. Wentzel*, 797 N.E.2d 342, 346-47 (Ind. Ct. App. 2003) (citations omitted).  "[W]hen reviewing the question of whether attorney fees should be imposed as a sanction for failure to follow the rules of appellate procedure, we can cut the [*pro se* litigants] no slack simply because they have no formal legal training."  *Watson v. Thibodeau*, 559 N.E.2d 1205, 1211 (Ind. Ct. App. 1990).

[13]  Pyatte argues that Middleton's appeal is frivolous, filed in bad faith, and was pursued to further delay the trial court's modification hearing, which has now been delayed nearly sixteen months.  In light of Middleton's eleven motions for continuance in 2014 alone, several other seemingly frivolous motions, and repeated violations of court orders, we are inclined to agree with Pyatte's claims.  Pyatte's argument is also supported by statements from former Special Judge Smith, the GAL, and the parenting time coordinator, which indicate that Middleton's agenda with this litigation has become increasingly hostile and seemingly defamatory.

[14]  Furthermore, Middleton's appeal has fulfilled every prerequisite of procedural bad faith.  As we address in a separate order, Middleton raised several additional issues in his appeal which were dismissed due to a failure to follow

the Indiana Rules of Appellate Procedure.[1] Middleton's statement of the facts and statement of the case contain substantive arguments and are replete with statements that are unsupported by the record and/or have no bearing on the issues raised. Three of the seven Argument subsections in Middleton's brief are wholly unrelated to the appealed orders and repeatedly request this court to award Middleton full custody of the child, despite the fact that he appeals no trial court orders dealing with custody. Throughout his brief, Middleton repeatedly alleges, without any basis, that the trial court, GAL, and other court officers are "overwhelmingly biased and prejudiced" in favor of Pyatte and that the trial court has actively protected Pyatte and enabled other court officers to engage in fraudulent "character assassinations of [Middleton]." Appellant's App. 2.

[15] Finally, Middleton's appendix was severely deficient and included a large amount of unsubstantiated and inappropriate information not offered at the trial court. Middleton also failed to include several important trial court documents in his appendix. As such, Pyatte was compelled to file her own 193-

---

[1] Middleton filed this appeal pursuant to Appellate Rule 14(A) governing interlocutory appeals as a matter of right. The trial court's order of contempt is appealable as of right under Rule 14(A)(1). However, Middleton attempted to appeal three other trial court orders which were not appealable as a matter of right (order for psychological assessment, order setting emergency hearing, and order for selection of special judge).

page appendix to fill in the gaps and provide this court with an adequate record to review. Middleton's violations substantially impeded this court's ability to expeditiously consider his allegations of error by requiring us to parse through a disordered appendix and piece together his defective and clearly hostile arguments.

[16] Middleton's noncompliance with our rules of appellate procedure is substantial, permeates his entire brief, and has hindered our review of his contentions of error on appeal. Keeping in mind our duty to use great restraint when determining whether an award of appellate attorney fees is warranted, we nonetheless find that such an award is appropriate under the facts of this case. *Thacker*, 797 N.E.2d at 347-48 (finding procedural bad faith where appellant's brief contained many appellate rules violations including argument in the statement of case and statement of facts); see also *Srivastava v. Indpls. Hebrew Congregation, Inc.*, 779 N.E.2d 52, 61 (Ind. Ct. App. 2002) (finding award of appellate attorney fees appropriate where *pro se* appellant failed to present cogent arguments and brief was permeated with unsubstantiated accusations). Accordingly, we remand this cause to the trial court with instructions to calculate the amount of reasonable appellate attorney fees Pyatte is entitled to recover.

[17] Affirmed and remanded.

Najam, J., and Mathias, J., concur.