## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 19 2018, 8:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

---

APPELLANT PRO SE

Todd Cooper
Louisville, Kentucky

---

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Todd Cooper, <br> *Appellant-Respondent,* <br><br> v. <br><br> Mark VanGilder, Leah Donohue, William Donohue, and Mary VanGilder, <br> *Appellees-Plaintiffs* | June 19, 2018 <br><br> Court of Appeals Case No. 10A01-1708-SC-1925 <br><br> Appeal from the Clark Circuit Court <br><br> The Honorable Maria Granger, Special Judge <br><br> Trial Court Cause No. 10C03-1603-SC-325 |

**Crone, Judge.**

## Case Summary

In this pro se appeal, we are asked to review a protracted small claims action that began as a simple eviction action and has now spanned six different trial

judges and one interlocutory appeal. Landlords Mark VanGilder, Leah Donohue, William Donohue, and Mary VanGilder (collectively "VanGilder") filed a small claims complaint against tenant Todd Cooper for eviction due to nonpayment of rent. Cooper filed a motion to dismiss, a motion for recusal, and a request for jury trial, all of which the trial court denied. The court issued a judgment in favor of VanGilder for unpaid rent and a portion of VanGilder's attorney's fees. Cooper now appeals, challenging the trial court's denial of his motions and claiming that he was denied due process in the trial court's denial of his request for jury trial. Finding that Cooper has failed to provide us with a complete record upon which we can fully review his claims and that his arguments lack cogency, we affirm.

## Fact and Procedural History

[2] As best we can discern from the record before us, the facts are as follows. In 2015, Cooper leased a house ("the Property") from VanGilder at a monthly rate of $750. Just after Christmas, a leaky roof resulted in water damage to part of the Property. VanGilder assessed the situation and placed a tarp over the roof. The first week of January, VanGilder hired a water damage restoration company to repair the Property. A mold specialist examined the Property and found that the levels of mold were low enough for Cooper and his family to live there. Meanwhile, Cooper sought another opinion regarding the presence of mold because his grandchild, who lived on the Property with Cooper and his two daughters, had become ill with a respiratory infection and required treatment at a hospital. Cooper continued to express his concerns about mold,

and VanGilder sent the mold specialist back to the Property with a chemical spray to kill the existing mold and prevent new mold from growing.

[3]     Cooper did not pay his rent for February 2016. On February 17, 2016, VanGilder sent Cooper a letter offering to forgo the February and March 2016 rent payments if Cooper would vacate the Property by March 31, 2016. Cooper sent a letter in response saying that he found VanGilder's terms unfair. He essentially counteroffered to not pay rent for February and March and stated that he expected VanGilder to make certain additional repairs. Cooper did not pay March's rent payment and did not vacate on March 31. Shortly thereafter, VanGilder filed an eviction action in small claims court due to Cooper's nonpayment of rent. The action below eventually involved six different trial judges and one interlocutory appeal.

[4]     Meanwhile, Cooper and his family continued to live on the Property off and on without paying rent until the lease term expired. He testified that the family alternated between the Property and a house in Louisville "because there is not enough room in [the Louisville house.]" Tr. Vol. 2 at 73.

[5]     At some point in the proceedings below, Cooper requested a jury trial and filed a motion to dismiss for insufficient notice. He also filed a motion for recusal, claiming that the trial court, a special judge assigned to the case, was biased because she had previously worked as a prosecutor in the courthouse where Mark VanGilder and Leah Donohue worked. At a June 2017 hearing/bench trial, he told the trial court that he had filed a complaint against her with the

Judicial Qualifications Commission based on what he believed to be ex parte communication with VanGilder concerning the cancellation of one of the hearings in his case. The trial court denied Cooper's motion for recusal. The court also denied Cooper's motion for jury trial, finding that it had been untimely filed.

[6] On June 19, 2017, the trial court issued an order finding the eviction claim and notice to Cooper sufficient and denying Cooper's motion to dismiss. The court awarded VanGilder $750 in unpaid rent and $1000 in attorney's fees. Cooper now appeals.

## Discussion and Decision

[7] Cooper contends that the trial court erred in denying his motions for recusal and dismissal as well as his request for a jury trial. At the outset, we note that this appeal comes from small claims court, where the trial is to "be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law." Ind. Small Claims Rule 8(A). The present small claims action has involved six changes of judge and one interlocutory appeal, and the underlying lease has expired. As such, the speedy justice objective has not been accomplished.

[8] As another preliminary matter, we observe that VanGilder has not filed an appellee's brief. Where an appellee fails to file a brief, we do not undertake to develop arguments on his behalf; rather, we may reverse upon a prima facie showing of reversible error. *Morton v. Ivacic*, 898 N.E.2d 1196, 1199 (Ind.

2008). Prima facie error is error "at first sight, on first appearance, or on the face [of] it." *Id.* As the appellant, Cooper nevertheless bears the burden of demonstrating that he is entitled to relief, and if he does not meet this burden, we will affirm. *R.J.S. v. Stockton*, 886 N.E.2d 611, 613 (Ind. Ct. App. 2008).

[9] We also note that Cooper chose to proceed pro se both below and on appeal. It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. *Twin Lakes Reg'l Sewer Dist. v. Teumer*, 992 N.E.2d 744, 747 (Ind. Ct. App. 2013). This includes those such as Cooper who prosecute their appeals pro se and therefore must comply with all the rules of appellate procedure. *Srivastava v. Indianapolis Hebrew Congregation, Inc.*, 779 N.E.2d 52, 61 (Ind. Ct. App. 2002), *trans. denied* (2003). While we prefer to decide issues on the merits, where the appellant's noncompliance with appellate rules is so substantial as to impede our consideration of the issues, we may deem the alleged errors waived. *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n.1 (Ind. Ct. App. 2014), *trans. denied* (2015), *cert. denied.*

[10] Cooper has failed to comply with several procedural rules. For example, his brief is deficient in many respects. The statement of facts includes argument and conclusions, in violation of Appellate Rule 46(A)(6), which requires a narrative description of the relevant facts stated in accordance with the appropriate standard of review. *See New v. Pers. Representative of Estate of New*, 938 N.E.2d 758, 765 (Ind. Ct. App. 2010) (appellant's statement of facts shall neither omit relevant facts nor contain subjective argument), *trans. denied* (2011). Similarly, Cooper's statement of the case does not lay out the relevant

procedural posture of the case as required by Appellate Rule 46(A)(5), but instead includes allegations and argument. With respect to the argument section, we first note that Cooper has failed to include citations to support his statement of the appropriate standard of review, as required by Appellate Rule 46(A)(8)(b). Additionally, his arguments lack cogency. As the party with the burden of establishing error on appeal, he must cite pertinent authority and develop reasoned arguments supporting his allegations. Ind. Appellate Rule 46(A)(8). He cites only two cases within his argument section and fails to use them to develop coherent arguments in support of his positions. Instead, he relies on documents not included in the record on appeal, i.e., VanGilder's complaint (with the lease attached), the CCS, the negotiation offer from VanGilder, and Cooper's letter/counteroffer in response.

[11] Moreover, Cooper has failed to submit the exhibits admitted at trial as required by Indiana Appellate Rule 29(A). Exhibits are especially important where, as here, we are asked to review a lease agreement and documents related to the parties' subsequent correspondence and negotiations. Where Cooper cites the documents in his brief, he merely cites to the transcript pages that include references to portions of them. We do not have the complete documents, and we cannot review them piecemeal. Cooper has also failed to submit an appendix, as required by Appellate Rules 49(A) and 50(A)(1). This leaves us without access to the chronological case summary ("CCS"), other than two isolated pages that Cooper included in his notice of appeal. From what we can glean, the CCS was twenty-two pages long. Without it, we have no way of

reviewing whether Cooper failed to meet the deadline for requesting a jury trial, as indicated by the trial court, or whether VanGilder failed to give him adequate notice to pay or quit. Finally, we have no access to his motions to recuse, to dismiss, or for jury trial, the denial of which we are now asked to review. In short, the absence of the CCS, motions, and exhibits makes review of Cooper's appeal impossible.[1]

[12] In sum, Cooper has failed to submit a sufficient record for us to conduct a meaningful review of his case. We cannot review his case in a vacuum, and as he is the party with the burden of establishing error on appeal, we must affirm.

[13] Affirmed.

Bailey, J., and Brown, J., concur.

---

[1] Appellate Rule 49(B) states, "Any party's failure to include *any item* in an Appendix shall not waive any issue or argument." (Emphasis added.) Notwithstanding, we note that this case involves a wholesale failure to file an appendix, not merely the omission of an item.